Taylor Unemployment Compensation Case.

Wm. M. McClain, Inc., Appellant, *v.* Unemployment Compensation Board of Review.

Argued September 28, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*Charles H. Greenberg,* with him *J. Jerome Katz,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Robert E. Woodside,* Attorney General, for appellee.

PER CURIAM, November 20, 1951:

The Referee allowed unemployment compensation as claimed by the employe. This is an appeal by the employer from the order of the Board affirming the decision of the Referee.

These are the salient facts: Claimant was employed by appellant as an oyster shucker on a piecework basis. He had 15 years experience in shucking oysters and was highly efficient in his work; he opened more oysters than any of appellant's other shuckers. In the process he cut some of the oysters thus rendering them unsaleable. The employer considered that the number of damaged oysters was excessive and that the waste was attributable to claimant's speed in his work in his determination to increase his earnings regardless of loss to his employer in unsaleable oysters. The Board found that the employer discharged him because dissatisfied

with his work. It was claimant's position that it is impossible to open oysters in quantity without damaging some of them. But he maintained that the waste chargeable to him on this score was not abnormal. Moreover he contended that the oysters damaged by him "were usually those with an irregular configuration, which were practically impossible to open without damaging the contents" and the findings of the Board reflect that view in the language above quoted. On a further finding that "Claimant did not damage the oysters deliberately or with wrongful intent" the Board concluded that the claimant was merely an "unsatisfactory employee" and was not convicted of willful misconduct barring recovery under §402(e) of the Unemployment Compensation Law, as amended May 29, 1945, P. L. 1145, 43 PS §802.

The findings of the Unemployment Compensation Board do not bring claimant's acts within the definition of willful misconduct adopted by us as the intent of the Act in *Detterer Unemp. Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886. Moreover the findings of the Board are supported by real and substantial competent evidence. The credibility of witnesses, the weight of their testimony and the inferences to be drawn from it are for the Board. *Devlin Unemploy. Compensation Case,* 165 Pa. Superior Ct. 153, 67 A. 2d 639. The findings therefore are conclusive and are binding upon us. Section 510 of the Act, 43 PS §830; *Tronieri Unempl. Compensation Case,* 164 Pa. Superior Ct. 435, 65 A. 2d 426; *D'Yantone Unemployment Compensation Case,* 159 Pa. Superior Ct. 15, 46 A. 2d 525.

Order affirmed.