## Marable Unemployment Compensation Case.

Argued October 1, 1953.   Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Rufus S. Watson,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Robert E. Woodside,* Attorney General, for appellee.

OPINION BY GUNTHER, J., November 11, 1953:

The claimant left her job in August, 1952, and immediately applied for unemployment compensation. The Bureau refused her benefits on the ground that she had voluntarily left her employment without good cause.   The referee affirmed the Bureau, the Board of Review affirmed the referee, and claimant has appealed.

Claimant was a nurse in a reducing salon.   On Wednesday, August 6, 1952, she and her fellow employes attended a meeting at which they requested paid vacations.   The employer refused their requests.   Claimant was paid on Friday, August 8, 1952, and failed to appear for work the next morning.   The following Monday she applied for benefits and alleged on her application the following reasons: "Employer's rash

treatment of profanity and etc. Dissatisfaction with working 54 hours for $27.00 per week." Claimant and her witnesses testified that the employer, at the aforesaid meeting, referred to the employes as "nigger nurses" and used the phrase "god damn". Claimant maintained that she had been insulted and decided to leave her employment, but remained through the next two days in order to get her pay check. The employer denied claimant's allegations of profanity and slurring remarks and her witnesses attested to her friendliness toward her colored employes. The Board found as facts that the employer did not make the alleged remarks and that claimant left her job because of dissatisfaction due to the refusal of paid vacations. Claimant objects to the Board's findings.

It is the Board's duty to determine credibility, and if the findings of fact are consistent with each other and the conclusions of law, and can be sustained without a capricious disregard of the evidence, the order will be affirmed. *Bako Unemployment Compensation Case,* 171 Pa. Superior Ct. 222, 90 A. 2d 309. In light thereof, we find no error in the Board's ruling. The employer flatly denied the alleged remarks. Her witnesses attested to her feelings toward colored employes and general absence of profanity. Moreover, claimant's statement on her application of dissatisfaction with her wages tends to support the findings, as well as her remaining two days after the alleged insults. There was sufficient competent evidence to sustain the Board's findings and there was no capricious disregard of competent evidence as contended by claimant.

The findings of fact of the Board, which we affirm, hold that claimant voluntarily quit work because her employer refused to grant paid vacations. This is clearly not a necessitous or compelling circumstance which would constitute good cause, and claimant is

therefore ineligible for benefits under §402(b) of the Unemployment Compensation Law. See *McGuire v. Unemployment Compensation Board,* 169 Pa. Superior Ct. 467, 82 A. 2d 324.

Decision affirmed.