## Clark Unemployment Compensation Case.

Argued March 14, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

No one appeared or filed a brief for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY GUNTHER, J., July 21, 1955:

The claimant was last employed by Hassler's Paper House in Williamsport and applied for unemployment compensation after he was allegedly fired. The bureau, the referee and the board all denied him benefits on the ground that he voluntarily left his employment without good cause.

Claimant was employed for only four days, his last day of work being November 6, 1953. The next morning, a Saturday, he was supposed to work until noon. According to claimant he was unable to get out of his house because of snow and so informed the employer who called him on the phone. He was allegedly told that he would be discharged if he failed to report before noon, which he failed to do. When he arrived on Monday morning there was no work for him and he had been replaced.

The employer's version is quite different. He testified that he did not threaten to fire claimant on Saturday and had work for him and expected him on Monday. However, claimant called on Monday and stated that he was "jacking the job" and that it was "too tough" for him.

Both parties were to some extent corroborated by witnesses. Claimant, however, told three different versions of his story before the referee and the board. He also stated on his claim application that he was "not

qualified for job." The issue in this case therefore is primarily one of credibility. It is well settled that credibility is a matter for the compensation authorities. *Marable Unemployment Compensation Case,* 175 Pa. Superior Ct. 34, 100 A. 2d 134. Where the board's decision is against the party with the burden of proof, appellate review is limited to the question of whether the findings of fact and conclusions of law are consistent with each other and the order, and can be sustained without a capricious disregard of competent evidence. *Marable Unemployment Compensation Case,* supra.

Both the referee and the board found in favor of the employer as to credibility. The findings of fact and conclusions are consistent and follow logically from the testimony accepted as true. The testimony accepted was logical and free from contradictions and it follows that claimant voluntarily quit his job without good cause within the meaning of Section 402 (b) and is not entitled to compensation.

Decision affirmed.