Fuller Unemployment Compensation Case.

Submitted November 13, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Wilbert Fuller,* appellant, in propria persona.

*Sydney Reuben,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION PER CURIAM, December 28, 1956:

The record in this unemployment compensation case sustains the finding of the referee adopted by the Board of Review that "During the period herein involved, claimant was not able and available for work. Claimant's doctor certified that the claimant is unable to work, and on May 2, 1956, claimant also informed the local Bureau he is unable to work." The bureau, referee, and board denied benefits under sec-

tion 401 (d) of the Unemployment Compensation Law, as amended, 43 PS §801 (d). See, also, section 401 (c) as defined in section 4 (w). 43 PS §§801 (c), 753 (w). Section 401 (d) provides, inter alia, that a claimant must be able to work and available for suitable work in order to be considered eligible for benefits.

Claimant was seventy-two years of age when last employed by the Mesta Machine Company, West Homestead, Pennsylvania. He was employed from 1920 to March 30, 1956. In a signed statement to the bureau he said that he voluntarily retired without requesting any lighter work from his employer before retiring. Before the referee he testified that he retired on pension but that he could do some light work. However, to the bureau he previously stated that he was not able to work and that he was not looking for full time employment. His doctor certified that "I have advised this man that he is unable to work." The doctor also certified that claimant could not resume his regular employment, and to the question "If not, specify the type of work below," answered "None." At a second hearing before the referee after remand by the board this doctor sought to modify his previous statement by saying that claimant could work at some light job. No other evidence was presented at the remand hearing.

It is obvious that claimant had terminated his employment relationship, and that he was not actually and currently attached to the labor force. By his own admission and his doctor's certificate he was unable to work and not available for work. See *Rabinowitz Unemployment Compensation Case*, 177 Pa. Superior Ct. 236, 239, 110 A. 2d 792; *Clark Unemployment Compensation Case*, 179 Pa. Superior Ct. 450, 115 A. 2d

807. The credibility of witnesses, the weight of their testimony, and the inferences to be drawn from it are for the board. *Taylor Unemployment Compensation Case*, 170 Pa. Superior Ct. 119, 121, 84 A. 2d 521.

The decision is affirmed.