Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee, *v.* Albert Kennedy, Appellant.

Argued March 7, 1975, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Joel N. Brewer,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Wilkinson, April 2, 1975:

In this unemployment compensation case, claimant-appellant was discharged. His eligibility depends on whether the record will support the Unemployment Compensation Board of Review's Finding of Fact No. 6:

> "After claimant was released by his own physician to return to work, he failed to contact his employer thereafter."

This finding would clearly disqualify claimant-appellant under Section 402(e) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P. L. (1937) 2897, as amended, 43 P. S. §802(e), considering the facts in this case where not only is it uncontested that there was a company rule requiring claimant-appellant to contact the employer, but in fact he had current personal knowledge of the rule by reason of a letter he received from the employer which stated, inter alia:

> "We want to remind you that you are required to keep your supervisor informed monthly, in writing, stating your probable date of return to work. When your doctor indicates that he feels you may return to work, please report this fact to your supervisor at once so that we may begin to make any adjustment in the work force that may be necessary to put you back on the job.
>
> "You will, of course, also have to be examined by the Company's physician before re-engagement. This examination should be completed prior to your proposed starting date. To facilitate this matter, we suggest you call the Employment Office (SAratoga 4-1500), Extension 2482), several days in advance for an appointment with the doctor. You will be required to bring with you a statement from your personal attending physician. For his convenience in furnishing the information we need, the attached, self-explanatory form is provided."

We find that there is ample evidence to support the Board of Review's finding and we, therefore, affirm.

Stating the essential facts, claimant-appellant suffered an injury unrelated to his employment and was on sick leave status. His personal physician notified the company that claimant-appellant would be able to return to work on October 15, 1973. In accordance with the procedure outlined in the quoted letter, a physical examination by the employer's physician was scheduled for October 15, 1973. Claimant-appellant did not keep that appointment.

On October 31, 1973, the employer sent claimant-appellant the following letter:

"Since you have been absent from work for more than two weeks, we have removed you from our payroll records.

"We have interpreted your lack of communication as meaning that you have resigned from the General Electric Company, and we have therefore terminated your service. If you have any information or questions regarding this action you must immediately contact your supervisor.

"By separate letter from the Personnel Accounting Unit, any monies accrued in your behalf in various benefit plans and instructions for conversion of your insurance policy, if any, will be sent to you at the above address."

Claimant-appellant did not thereafter contact the employer.

Claimant-appellant testified that during the period between October 15, 1973, and October 30, 1973, he called in every day and talked at least once to Mr. Cionci and left messages for Mr. Cionci and a Mr. Reisner. Mr. Cionci testified for the company that he never received a call nor did he ever receive a message that claimant-appellant had called.

Whether to accept the testimony of claimant-appellant or of the company employee, Mr. Cionci, is entirely with-

in the province of the Board of Review. Many cases establish this principle, but the one that would appear to be substantially on all fours with the instant case is *Cleaver v. Unemployment Compensation Board of Review*, 5 Pa. Commonwealth Ct. 255, 290 A.2d 279 (1972). Claimant-appellant asserts that hearsay evidence was permitted to be introduced over objection and this could not form the basis for the decision. This is quite correct, but there is other positive direct testimony, that of Mr. Cionci, which contradict's claimant-appellant and would, in itself, support the Board of Review's decision. In addition to that, there is the fact that claimant-appellant admitted receiving and reading the discharge letter, which stated that he did not call in and which told him to contact the employer if there was any inaccuracy in the letter, and he did not call in to claim an inaccuracy. His only explanation was that he did not think it would do him any good since he was already fired. In his brief, claimant-appellant asserts that the testimony of Mr. Cionci was "inconclusive." Testimony need not be conclusive to be evidentiary.

We will not labor claimant-appellant's argument that since the referee, who heard the testimony, found for claimant-appellant, the Board of Review could not make a contrary finding without holding its own hearing. Such is not the law. Section 504 of the Act, 43 P.S. §824, provides:

> "The board shall have power, on its own motion, or on appeal, to remove, transfer, or review any claim pending before, or decided by, a referee, and in any such case and in cases where a further appeal is allowed by the board from the decision of a referee, may affirm, modify, or reverse the determination or revised determination, as the case may be, of the department or referee on the basis of the evidence previously submitted in the case, or direct the taking of additional evidence. . . ."

252

Accordingly, we enter the following

ORDER

Now, April 2, 1975, the decision and order of the Unemployment Compensation Board of Review, dated May 24, 1974, reversing the decision of the referee and disqualifying Albert Kennedy from receiving unemployment compensation benefits, is affirmed.