Deborah F. Wetzel, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania.

Argued December 9, 1976, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*George J. Nagle,* for appellant.

*Daniel R. Schuckers,* Assistant Atorney General,
with him *Sydney Reuben,* Assistant Attorney General,
and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, March 10, 1977.:
This is an appeal by Deborah F. Wetzel (appellant)
from an order of the Unemployment Compensation
Board of Review (Board), dated February 19, 1976,
which affirmed a referee's determination that appel-
lant had been discharged for willful misconduct and
was ineligible for benefits under Section 402(e) of
the Unemployment Compensation Law, Act of Decem-
ber 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as
amended,* 43 P.S. §802(e).

· Appellant was initially granted. benefits by the
Bureau of Employment Security. The referee re-
versed the Bureau's determination and denied bene-
fits pursuant to Section 402(e). The Board reversed
the referee's decision, but upon petition for recon-
sideration vacated its decision on September 4, 1975.

After argument before the Board en banc the Board made the following findings of fact:[1]

(1) The claimant was last employed by Geisinger Medical Center, Danville, Pennsylvania, for fourteen months as a nurse's assistant at $2.47 per hour and her last day of work was March 14, 1975.

(2) From January 1974 through November, 1974, claimant was employed in the In-Patient area; however, in November, 1974, at claimant's request, she was transferred to the Surgical Out-Patient Department.

(3) After being transferred, claimant had been warned and counseled on four occasions regarding crocheting while on duty and failure to properly stock the examing [sic] rooms with supplies.

(4) On March 14, 1975, when claimant continued to disregard the prior warnings, she was discharged.

Based on these findings, the Board affirmed the referee's decision to deny benefits on the ground that appellant's behavior failed to meet those standards which an employer has the right to expect of his employes and was a breach of duty inimical to the employer's best interests.

In her appeal, Wetzel contends (1) that findings 3 and 4 are not supported by substantial evidence in the record, and (2) that, in any event, the conduct described in findings 3 and 4 does not amount to willful

---

[1] As the ultimate fact-finding body, the Board is empowered to assess credibility and the weight of the evidence and substitute its own findings of fact for those of the referee. *Unemployment Compensation Board of Review v. Wright*, 21 Pa. Commonwealth Ct. 637, 347 A.2d 328 (1975); *Unemployment Compensation Board of Review v. Kennedy*, 18 Pa. Commonwealth Ct. 248, 334 A.2d 849 (1975).

misconduct as that term has been defined in the case law.

We have carefully reviewed the record. There is substantial competent evidence that on at least four occasions the appellant was warned about "poor work performance," and that on more than one of these occasions she was specifically warned about crocheting while on duty and failing to keep the examining rooms stocked with supplies. Thus, while a finding that the warnings regarding the *specific conduct in question* were exactly *four* in number does not seem to be supported by the evidence, it is clear to us that substantial evidence exists to support a finding of multiple warnings. While we do not condone even the slightest inaccuracy in findings of fact,[2] we will not upset a determination of the Board when the inaccuracy has no effect upon the application of the relevant legal principles and the ultimate resolution of the case. The existence of *four* prior warnings may have made this an easier case, but there is no magic in the number "four," and we believe that the existence of multiple warnings provides more than a sufficient basis for the resolution of this case.

As to finding number 4, we conclude that the record discloses substantial evidence to support the finding that appellant disregarded the prior warnings.

The definition of willful misconduct includes conduct which evidences the disregard of standards of behavior which an employer has the right to expect of his employes. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168 (1973).

---

[2] This Court has often demanded that the referee and Board make complete and specific findings of fact. We did not, however, intend for them to seek specificity beyond that which the evidence and rational inferences therefrom will allow.

We believe that there can be little doubt that a hospital can rightfully expect its employes to spend their on-duty time attending to their responsibilities and not engaged in personal pursuits, such as crocheting. Likewise, it can rightfully expect its employes to faithfully carry out their routine duties, such as stocking rooms with supplies. It is true, as appellant has pointed out, that "a single dereliction of a minor, or casual, or insignificant nature will not constitute willful misconduct." *Loder v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 484, 488, 296 A.2d 297, 300 (1972). But this is not such a case. Here, the appellant received several warnings, the last being issued on January 21, 1975, about crocheting on duty and failing to maintain stocks of supplies. She disregarded these warnings on several occasions before being discharged on March 14, 1975. We cannot consider "insignificant" repeated derelictions of duty involving the appropriation of the employer's time for the employe's use or the failure to perform routine duties necessary to the smooth functioning of the hospital.

We note appellant's contention that she "did her best" to perform her job. It is true that mere incompetence, inexperience, or inability, which may well justify discharge, will not constitute willful misconduct. *See Rieder v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 211, 213, 325 A.2d 347, 348 (1974); *Gagliardi Unemployment Compensation Case,* 186 Pa. Superior Ct. 142, 148, 141 A.2d 410, 413 (1958). However, crocheting while on duty, after prior warnings, cannot be explained in terms of incompetence or inability. Moreover, even as to the failures to keep rooms stocked with supplies, there is substantial evidence in the record to support the Board's findings that appellant simply disregarded the prior warnings and instructions; that is, she

chose to neglect her duties. We conclude that appellant's behavior evidences willful misconduct and we affirm the Order of the Board.

ORDER

AND Now, this 10th day of March, 1977, the Order of the Unemployment Compensation Board of Review, dated February 19, 1976, denying benefits to Deborah F. Wetzel is affirmed.