Martha M. Hartley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 30, 1978, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Stuart J. Horner, Jr.,* for appellant.

*Reese F. Couch,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for appellee.

OPINION BY JUDGE MACPHAIL, February 8, 1979:

Martha Hartley (Claimant) has been denied unemployment compensation benefits because of willful misconduct under the provisions of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). Claimant was employed as a dental assistant-receptionist at the time of her discharge. She had certain office responsibilities which her employer testified she had not fulfilled over a period of time. According to the employer, the Claimant's failure to perform her specified duties and her violation of office policies, particularly the rule against telephone calls to other employees regarding office matters after regular hours of employment, caused so much dissension in the dentist's office that his other employees threatened to quit. When Claimant again violated the office policy regarding telephone calls, she was discharged.

On this appeal Claimant argues that there is insufficient evidence to substantiate the findings of willful misconduct by the Unemployment Compensation Board of Review (Board) and that there was no testimony that Claimant was given advance warning before being discharged.

Findings of fact by the Board supported by substantial evidence are binding upon this Court. *Rodites*

*v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 128, 382 A.2d 1287 (1978). Here, the Board found as facts that the Claimant failed to complete insurance forms as she had been instructed to do and that she had violated the office policy prohibiting telephone calls regarding office business after regular office hours. We find substantial evidence in the record to support those findings.

Regarding the matter of advance warnings, Claimant argues that *Wetzel v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 195, 370 A.2d 415 (1977), controls our decision here. In *Wetzel* the Board found that there had been four prior warnings to the Claimant. The Claimant contended that the evidence would not substantiate that finding. This Court held that even though the specific finding of four prior warnings could not be substantiated by the evidence, there was evidence of *some* prior warnings and therefore the Board's findings were sufficient. This Court did not hold in *Wetzel*, as contended by Claimant here, that some advance warning is a pre-condition before discharge for willful misconduct can be sustained. In fact, the law is to the contrary. *See Woodson v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 526, 300 A.2d 299 (1973), *rev'd on other grounds*, 461 Pa. 439, 336 A.2d 867 (1975) and *Hohnstock Unemployment Compensation Case*, 196 Pa. Superior Ct. 500, 175 A.2d 167 (1961).

In the record before us, it will appear that while the Claimant's employer never specifically threatened Claimant with discharge, he did discuss with her her work performance and lack of compliance with office policies on several occasions before discharging her. We hold that the Claimant's continued lack of performance of duties and violation of office policies

thereafter were sufficient to constitute willful misconduct.

Accordingly, we will affirm the Board's order denying benefits.

ORDER

AND Now, this 8th day of February, 1979, the order of the Unemployment Compensation Board of Review, dated April 27, 1977, denying benefits to the Claimant, Martha Hartley, is affirmed.