Mt. Lebanon School District, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 5, 1979, before Judges WILKINSON, JR., BLATT and CRAIG, sitting as a panel of three.

*Donald C. Bush,* with him *Michael A. Cassidy, Anderson, Moreland & Bush,* for petitioner.

*Elsa Newman,* Assistant Attorney General, with her *John T. Kupchinsky,* Assistant Attorney General,

*Richard Wagner*, Chief Counsel and *Edward G. Biester, Jr.*, Attorney General, for respondent.

*Shelley W. Elovitz*, with him *Watzman & Elovitz*, for Thomas R. Knaus, respondent.

OPINION BY JUDGE WILKINSON, JR., January 17, 1980:

This is an appeal by the Mt. Lebanon School District (District) from an order of the Unemployment Compensation Board of Review (Board) granting unemployment compensation benefits to claimant. We affirm.

Claimant had been employed by the District for over three years as a school custodian prior to his last day of work on March 21, 1978. During his employment claimant received several oral and written warnings concerning his work performance which culminated in his discharge.

On May 2, 1978, the Bureau of Employment Security (Bureau)[1] made its determination that claimant was ineligible for benefits as a result of willful misconduct[2] consisting of a "failure to adhere to employer's instructions regarding job duties after repeated warnings." Following a referee's affirmance of the Bureau's denial, the Board reversed on the basis of the following findings:[3]

2. The claimant was discharged because the employer considered his work performance to be generally unsatisfactory.

---

[1] Now Office of Employment Security. See Pa. B. 2879 (1979).

[2] Pursuant to the provisions of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[3] The Board initially reversed the referee by its decision dated August 4, 1978. The Board subsequently granted the District's request for reconsideration in a ruling dated August 23, 1978. In the order here appealed the Board, in again reversing, made identical findings of fact with the addition of finding number 5.

3. The claimant had received prior warnings concerning his work performance.

4. The claimant always performed his work to the best of his ability.

5. The claimant never intentionally refused or failed to do his job.

Whether an employee's actions amount to willful misconduct as that term has been defined is a question of law subject to review by this Court. *Williams v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 641, 380 A.2d 932 (1977). It is further clear that "mere incompetence, inexperience, or inability, which may well justify discharge, will not constitute willful misconduct." *Wetzel v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 195, 199, 370 A.2d 415, 417 (1977).

The Board's findings that claimant performed to the best of his ability and never intentionally neglected to do his job, if supported by the evidence, leads inevitably to the conclusion that claimant was not guilty of willful misconduct.

The record evidence on this point is admittedly conflicting. The District offered testimony concerning a variety of poorly executed and neglected duties for which claimant had responsibility. The claimant, however, was able to offer an explanation for each of the deficiencies ranging from the fact that claimant had assistance as to some of those duties during the first part of his employment to the fact that night classes were conducted in various rooms assigned to claimant.

The Board is of course the ultimate fact finder and as such is required to resolve conflicting evidence and weigh the credibility of witnesses; findings supported by substantial evidence are binding on this Court. *Simet v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 85, 396 A.2d 893

(1979). The crucial findings of the Board are so supported in this case.

Accordingly, we will enter the following

ORDER

AND NOW, January 17, 1980, the order of the Unemployment Compensation Board of Review at Decision No. B-162774-B, dated January 4, 1979 awarding benefits is hereby affirmed.

This decision was reached prior to the expiration of the term of office of Judge DISALLE.