Monogram Products Company, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Clyde Johnson, Respondents.

Argued February 2, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Daniel B. Michie, Jr.*, of counsel *Fell, Spalding, Goff & Rubin*, for petitioner.

*John T. Kupchinsky*, Assistant Attorney General, with him *Ruben A. Rodriquez*, Assistant Attorney General, *Richard Wagner*, Chief Counsel, and *Harvey Bartle, III*, Acting Attorney General, for respondents.

OPINION BY JUDGE PALLADINO, April 6, 1981:

Petitioner (employer) appeals an order of the Unemployment Compensation Board of Review (Board) which granted benefits to Claimant (employee). We affirm the Board's order.

Claimant's application for unemployment benefits was initially rejected by the Office of Employment Security (Office). Following Claimant's appeal and a hearing, a referee affirmed the Office's disallowance of benefits. Thereafter, Claimant appealed to the Board. Because the original transcript of the record was unavailable, the Board remanded the case for addi-

tional testimony before a new referee acting as a hearing officer for the Board. Based on the evidence presented at the remand hearing, the Board granted benefits to Claimant. Petitioner appeals the Board's award.

The Board ascertained that Claimant was hired by Petitioner as an inexperienced worker whom Petitioner expected to train as a welder. In addition, the Board determined that although Claimant performed his job to the best of his ability, Petitioner considered Claimant's rate of production to be unsatisfactory and discharged Claimant. The reason underlying Claimant's low rate of production and subsequent dismissal is the subject of this appeal.

The Board found that Claimant's low production was "due to his inexperience and lack of supervision" and that Claimant "did not on any occasion intentionally disregard instructions from [Petitioner]." However, Petitioner argued that Claimant's low production resulted from Claimant's ignoring instructions and that Claimant's noncompliance with Petitioner's reasonable directions constituted willful misconduct under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).[1]

To establish Claimant's deliberate disregard of instructions, Petitioner cites three incidents: (1) failure to submit time cards; (2) refusal to use a coated welding electrode, and (3) noncooperation in a timed production test.

---

[1] *Korol v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 183, 384 A.2d 1377 (1978); *Troyen v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 445, 383 A.2d 975 (1978); *Horn v. Unemployment Compensation Board of Review*, 26 Pa. Commonwealth Ct. 566, 364 A.2d 991 (1976).

In order to discover the amount of time Claimant required for various welding projects, Petitioner requested that Claimant complete time cards for each work assignment. Petitioner asserts that Claimant neglected to provide time cards for a period of two weeks but eventually supplied cards after sufficient prompting. Claimant contends that he completed time cards as requested, but that the location of his completed cards was apparently overlooked by Petitioner.

Furthermore, Petitioner alleges that although Claimant was instructed to use a coated welding electrode, Claimant continued to work without one and consequently had an inferior manufacturing speed. Claimant counters that at first it was merely suggested, not ordered, that Claimant try to weld with a coated electrode. When, on a subsequent occasion, Claimant was actually directed to weld with a coated electrode, Claimant maintains that he comported with Petitioner's mandate.

Finally, Petitioner states that Claimant was informed that Claimant's level of output was substandard and that Claimant would participate in a timed production test. For the purposes of the test, Claimant was to work beside an experienced welder and was to fashion his own welding form. Petitioner also advised Claimant that Claimant's manufacturing efforts would then be compared to the efforts of the experienced co-worker. Petitioner alleges that since Claimant cut parts for his co-worker's welding form, Claimant willfully disobeyed Petitioner's direction to work independently. Claimant argues that he was unable to produce his own form because he had to observe his co-worker's technique in order to learn how to create the required form. To avoid being idle while observing his co-worker, Claimant contends that he cut parts for his own form and for his co-worker's form.

"Since the employer has the burden of proving willful misconduct ..., and has not prevailed before the Board, our scope of review is limited to a determination of whether the Board's findings of fact can be sustained without a capricious disregard of competent evidence." *Houff Transfer, Inc. v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 238, 241, 397 A.2d 42, 44 (1979) (citations omitted). In the present case, the record reviewed by this Court is replete with controverted testimony. The Board has not ignored the evidence before it as Petitioner has averred. Rather, as the ultimate fact-finder, the Board has resolved the conflicting evidence in favor of Claimant.[2]

While unsatisfactory job performance may justify the dismissal of an employee, this Court has often held that mere incompetence, incapacity, or inexperience causing poor work performance, will not support a discharge for willful misconduct.[3] Moreover, this is not a case where an employee's poor execution of his duties stems from the employee's pursuing personal pleasures during working hours or otherwise deliberately acting contrary to his employer's legitimate interests.[4]

---

[2] *Mt. Lebanon School District v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 539, 409 A.2d 1205 (1980).

[3] *Miller v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 151, 415 A.2d 454 (1980); *Glenmore Academy v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 42, 411 A.2d 1296 (1980); *Mt. Lebanon School District v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 539, 409 A.2d 1205 (1980); *Fidelity Electric Co. v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 631, 399 A.2d 1183 (1979).

[4] *Astarb v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 638, 413 A.2d 761 (1980); *Wetzel v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 195, 370 A.2d 415 (1977).

296

Accordingly, we will enter the following

ORDER

AND Now, April 6, 1981, the order of the Unemployment Compensation Board of Review, Appeal No. B-79-1-D-493, Decision No. B-176716, dated October 15, 1979, is hereby affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.