Macro Enterprises, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Donald F. Krank, Krank, Gross & Casper,* for petitioner.

*Richard C. Lengler,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, August 25, 1982:

Macro Enterprises, as employer, appeals a decision of the Unemployment Compensation Board of Review, which granted benefits to claimant Carl E. Stief, reversing the referee's determination that the claimant's conduct before his discharge[1] had amounted to

---

[1] Although the claimant in the present case technically resigned, his resignation came at the request of the employer; accordingly, the referee and the board properly declined to treat this matter as a voluntary termination. *Philadelphia Parent Child Center, Inc. v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 452, 403 A.2d 1362 (1979).

"willful misconduct" as defined in Section 402(e) of the Unemployment Compensation Law.[2]

The employer, which operates a small truckstop, contends that the claimant, who served in a supervisory position as a mechanical maintenance man, had difficulties in supervision, insulted customers, caused loss of business and had problems with women employees, and therefore was discharged because of activity constituting "willful misconduct."

However, the record contains substantial evidence[3] to support the board's findings that, although the claimant experienced difficulty in getting along with employees and customers because of his aggressive personality and "nitpicking" tendencies,[4] he had "performed his job to the best of his ability."[5]

Although the claimant may have been incapable of meeting his employer's standards because of his personality, this court "has often held that mere incompetence, incapacity, or inexperience causing poor work performance, will not support a discharge for willful misconduct." *Monogram Products Co., Inc. v. Unemployment Compensation Board of Review*, 58 Pa. Com-

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[3] Our scope of review in willful misconduct cases is narrowly restricted to questions of law and a determination of whether the board's findings are supported by substantial evidence, notwithstanding evidence also introduced to the contrary. *Martin v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 304, 387 A.2d 998 (1978).

[4] Board's Findings of Fact Nos. 3, 4 and 7.

[5] Board's Finding of Fact No. 9. The claimant indicated that he was hired to replace an ineffective manager, and was unaware that the company management objected to his style, which he felt was necessary to improve the existing work environment. He said, "The employees' attitude at that time was very bad. The place was very sloppy. No care or control of any of the premises at all so it took a firm hand, it took a lot of coaching and working with the shift managers to take care of things."

monwealth Ct. 291, 295, 427 A.2d 756, 758 (1981). Unlike *Astarb v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 638, 413 A.2d 761 (1980) and *Hartmann-Hansen v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 65, 420 A.2d 20 (1980), upon which the employer relies, the employer has not met the required burden[6] to establish that the claimant's lack of success on the job resulted from unjustified activity or a deliberate disregard of the employer's interests.[7]

Accordingly, the decision of the board is affirmed.

### ORDER

Now, August 25, 1982, the order of the Unemployment Compensation Board of Review, decision No. B-196758, dated July 2, 1981, awarding benefits to Carl E. Stief, is hereby affirmed.

---

[6] The burden is on the employer to prove willful misconduct. *Kiriluk v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 229, 398 A.2d 772 (1979).

[7] Although the employer was irked by the claimant's possible indiscretion in asking a female representative of one of the employer's suppliers to have lunch with him (Board's Findings of Fact Nos. 5 and 6), the evidence, in our view, did not establish (and the board did not find) that the claimant deliberately disregarded the employer's interests in that respect.