Alvina Adolphus, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 7, 1983, to Judges CRAIG, DOYLE and BLATT, sitting as a panel of three.

*Harold I. Goodman,* for petitioner.

*James K. Bradley,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, February 6, 1984:

Alvina Adolphus (claimant) appeals here an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) (willful misconduct).

The facts are not in dispute. The claimant was employed by the First Pennsylvania Bank (employer) as a teller. She was discharged for not following company procedures relating to check cashing, money order preparation and the making of a "cash switch"[1] between tellers.

The burden of proving willful misconduct lies with the employer. *Unemployment Compensation Board of*

---

[1] This procedure was described by the employer's witness as follows:

The cash switch is announced the night before after everyone has put their money in the vault and the vault is closed. That way . . . they know then in the next morning when they come in that they are going to have to count someone else's money. Next morning, the two people who are going to switch are told that morning enter the vault together. One opens the vault and hands the cash to the other person and the other one opens and hands it. . . . And they go to their windows and proceed to count the other person's cash with one person designated as a watcher. . . .

*Review v. Bacon,* 25 Pa. Commonwealth Ct. 583, 361 A.2d 505 (1976). And where, as here, the party with the burden of proof has prevailed below, our scope of review is limited to questions of law and a determination as to whether or not the Board's findings are supported by substantial evidence. *Jula v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 353, 409 A.2d 953 (1980).

The claimant argues first that the record does not support the Board's conclusion that she engaged in willful misconduct. She submits that her conduct does not rise to the level of disqualifying willful misconduct but is more correctly characterized as incompetence, inexperience, or inability. *Wetzel v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 195, 370 A.2d 415 (1977). The Board, however, while recognizing that incompetence, etc. does not constitute willful misconduct argues that the claimant's poor work performance leading to her discharge was the result of an unwillingness on her part to work to the best of her ability, *see Markley v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 148, 407 A.2d 144 (1979), and that her repeated and unjustified violation of company rules must be construed as conduct showing an intentional and substantial disregard of the employer's interest and the claimant's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

The employer presented testimony indicating that the claimant had failed to carry out the required ''cash switch'' procedure and that a violation of this procedure was a terminable offense. Moreover, the claimant's own testimony reveals, in regard to the money order incident, that she never checked the correct amount of the order before returning it to the cus-

tomer.[2] It is clear that substantial evidence was offered to support the Board's conclusion.

The claimant next argues that there is no evidence that she intended to violate the employer's procedure. This argument, however, was rejected in *Homony v. Unemployment Compensation Board of Review*, 11 Pa. Commonwealth Ct. 142, 312 A.2d 77 (1973) where this Court held that:

> Indeed, an intent to wrong the employer is not necessary, and a conclusion of "willful misconduct" may be based on a finding of conscious indifference to the duty owed the employer. (Emphasis deleted.)

*Id.* at 146, 312 A.2d at 78.

Accordingly,[3] we will affirm the Board's order.

## ORDER

AND Now, this 6th day of February, 1984, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

[2] Her testimony on this point was as follows:

QR: Alright, now, when you took it out of the machine, did you look at it to see whether it was the correct amount?

AC: No, I just walked back to the customer.

QR: Don't you normally look at it?

AC: No, mostly . . .

QR: You're dealing with money, ma'am, don't you normally look at a money order to sure [sic] it is correct?

AC: Normally.

QR: Normally, not always?

AC: Not always.

[3] We recognize, of course, that circumstances under which an employer may discharge an employee under company policy may not always be circumstances for which a claimant may be denied benefits under Section 402(e) of the Law, 43 P.S. §802(e). *Grace v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 412, 412 A.2d 1128 (1980). However, this legal distinction is not applicable under the facts of the case.