519 A.2d 1096

Rose Marie Geslao, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 8, 1986, to Judges MACPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Michelle R. Terry,* with her, *Andy Hartzell,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Paul E. Baker,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, January 9, 1987:

Rose Marie Geslao (petitioner) appeals from a denial of unemployment compensation benefits by the Unemployment Compensation Board of Review (Board) on the grounds of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., (1937) P.L. 2897, *as amended,* 43 P.S. §802(e). The Board in this case made new findings of fact and reversed the referee's award of benefits.

Petitioner was employed as a desk clerk by the Philadelphia Airport Marriott (employer) from September 19, 1983, until May 25, 1984, when she was specifically discharged because of errors which she made in the

performance of her duties. The incident which resulted in her dismissal was an overbooking of guests, caused by petitioner's failure to check a reservations list. This overbooking cost petitioner's employer the price of accommodations for three guests at another hotel, to its financial detriment.

After a hearing, the referee found that petitioner was discharged from her employment because her work performance was considered unsatisfactory by the employer and that she had informed the employer that she did not fully understand the procedures to be followed in her job and repeatedly requested assistance to lessen her number of mistakes. He further found that she performed her duties to the best of her ability and at no time deliberately violated any work rule of the employer and therefore, was not guilty of willful misconduct. On appeal, the Board found that petitioner had been repeatedly coached and counseled regarding her job duties, that she had received written warnings as a result of guests' complaints, and that her actions caused the overbooking of three guests. The Board's ultimate finding of fact was that "petitioner was discharged as a result of her negligence." In its discussion, the Board decided that the final incident which led to petitioner's discharge was an act that could and should have been prevented and, thus, that "her actions sank [sic] to the level of willful misconduct" as defined in Section 402(e) of the Act. We disagree.

The burden of proving willful misconduct is upon the employer. *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). Our scope of review is limited to determining whether the Board's decision is supported by substantial evidence. *See* Section 704 of the Administrative Agency Act, 2 Pa. C. S. §704. *See also Estate of McGovern v. State Employees' Retirement Board,* 512

Pa. 377, 517 A.2d 523 (1986). In this case, the burden was on the employer to prove that petitioner's errors rose to the level of willful misconduct. Whether or not an employee's conduct constitutes willful misconduct is a question of law subject to our review, and we must make that determination in light of all the circumstances. *White v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 196, 450 A.2d 770 (1982).

Although willful misconduct has not been defined by statute, our case law has defined it as a wanton and willful disregard of the employer's interest, a deliberate violation of rules, a disregard of the standards of behavior which an employer can rightfully expect from an employee, or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard of the employer's interest, or the employee's duties and obligations to the employer. *Id. (citing Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973)).

The Board acknowledges that incompetence, inexperience, or inability which may well justify discharge will not constitute willful misconduct so as to render an employee ineligible for benefits. *Wetzel v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 195, 370 A.2d 415 (1977). *See also McClain, Inc. v. Unemployment Compensation Board of Review,* 170 Pa. Superior Ct. 119, 84 A.2d 521 (1951) (holding that an oyster shucker who occasionally damaged oysters in opening them did not damage the oysters deliberately or with wrongful intent and, thus, was eligible for benefits).

The Board argues that where poor quality of product is the result of unwillingness to work to the best of one's ability, a disqualification will occur. We agree. *Adolphus*

*v. Unemployment Compensation Board of Review*, 80 Pa. Commonwealth Ct. 155, 471 A.2d 152 (1984); *Gardner v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 512, 454 A.2d 1208 (1983). However, we find that there is no evidence in this case to indicate that any mistakes which petitioner made in her work were the result of unwillingness to work to the best of her ability. On the contrary, there was substantial evidence that she, in fact, simply did not fully understand the procedures to be followed in her job and repeatedly requested assistance to lessen her number of mistakes. This is certainly not evidence of petitioner's unwillingness to work to the best of her ability. The Board attempts to convert petitioner's mistakes into willful misconduct by arguing that they constituted a conscious indifference to the duty owed the employer, *Homony v. Unemployment Compensation Board of Review*, 11 Pa. Commonwealth Ct. 142, 312 A.2d 77 (1973), because petitioner "failed to double check her work." We find that although petitioner might not have been a model employee and employers are free to discharge unsatisfactory employees, her conduct did not rise to the level of willful misconduct sufficient to disqualify her for unemployment compensation benefits.

Accordingly, the order of the Unemployment Compensation Board of Review is reversed.

### ORDER

AND NOW, this 9th day of January, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed.