540 A.2d 633

Sue Herndon, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

420

Submitted on briefs January 6, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Thomas F. Putinsky,* for appellant.

*Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE SMITH, April 25, 1988:

Petitioner Sue Herndon (Claimant) appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed the decision of the referee denying benefits pursuant to Section 402(e) of the Pennsylvania Unemployment Compensation Law (Law).[1] We

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) provides, *inter alia:*

An employe shall be ineligible for compensation for any week—

. . . .

  (e) In which her unemployment is due to her discharge or temporary suspension from work for willful misconduct connected with her work. . . .

reverse the decision of the Board for the reasons set forth below.

Claimant raises four issues in her appeal, to wit:

1. Whether the findings of fact as found by the Board are supported by substantial evidence;

2. Whether Claimant's actions were done with the necessary intent or consciousness of wrongdoing (sic) necessary to support a conclusion of willful misconduct;

3. Whether Claimant's errors in connection with her job were due to her mere incompetence, inexperience or inability and therefore do not constitute willful misconduct;

4. Whether Claimant had good cause for her actions and therefore not guilty of willful misconduct.[2]

Claimant was employed as a loan closing officer by Corinthian Mortgage Company (Employer) from May 12, 1986 until her discharge on October 31, 1986. Claimant had four years of previous experience with another company as a loan and settlement coordinator. On October 31, 1986, Claimant received a letter of discharge from the Employer's branch manager, stating that although Claimant was a "nice person," Employer could no longer tolerate the mistakes Claimant was making. Employer's branch manager testified at the hearing before the referee that whenever Claimant was told of a mistake she had made, she would apologize and correct the mistake. Claimant testifed that she worked to the best of her ability and did the best she could.

Claimant applied for unemployment compensation benefits which were awarded by the Office of Employment Security (OES) on the basis of Section 402(e). The OES found that Claimant was eligible for benefits be-

---

[2] Adapted from Petitioner's brief, p. v.

cause her "unsatisfactory performance, due to repeated errors" did not constitute willful misconduct. Employer appealed the OES determination, and after hearing, a decision was issued by the referee reversing the OES determination and denying benefits pursuant to Section 402(e). Claimant appealed to the Board, which affirmed the referee.

Our scope of review in unemployment compensation cases is to determine whether the findings of fact made by the Board are supported by substantial evidence in the record as a whole; an error of law was committed; or any of Claimant's constitutional rights were violated. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987). *See also Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). In cases arising under Section 402(e), the Employer has the burden of proving willful misconduct on the part of the Claimant. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976). In the instant case, that burden has not been met.

Mere incompetence or inability to perform one's job responsibilities will not justify a finding of willful misconduct. *Geslao v. Unemployment Compensation Board of Review*, 103 Pa. Commonwealth Ct. 116, 519 A.2d 1096 (1987). *Geslao* concerned a desk clerk whose repeated errors caused the overbooking of three rooms at the hotel where she was employed. This Court reversed the denial of benefits by the Board, holding that "there is no evidence . . . to indicate that any mistakes which petitioner made in her work were the result of unwillingness to work to the best of her ability." *Id.*, at 120, 519 A.2d at 1098. The question of what constitutes willful misconduct is a question of law and therefore subject to review by this Court. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of*

*Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). The record here reveals mere incompetence and inability to perform, as found by the OES, and not the type of deliberate, wanton, intentional conduct which constitutes willful misconduct under the *Frumento* standard enunciated by our Supreme Court. Accordingly, the Board erred when it determined that Claimant's actions rose to the level of willful misconduct as a matter of law.

Neither are the Board's findings of fact supported by substantial evidence, which has been defined by this Court as such relevant evidence as could lead a reasonable person to reach the same conclusion. *Johnson v. Unemployment Compensation Board of Review,* 94 Pa. Commonwealth Ct. 24, 502 A.2d 738 (1986). The Board found that Claimant "was unwilling to work to the best of her ability." Finding of Fact No. 14. Claimant testified that her errors were inadvertent and that she always corrected them when they were discussed with her. The Employer also testified that Claimant would correct her mistakes when discussed with her. N.T., p. 7. Since the record as a whole does not contain substantial evidence to support the findings of the Board, it therefore follows that the Board's conclusion of willful misconduct is unsupported.

Accordingly, the decision of the Board is reversed.

### ORDER

AND NOW, this 25th day of April, 1988, the decision of the Unemployment Compensation Board of Review issued on May 13, 1987 denying benefits to Sue Herndon is hereby reversed.