# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philly Service Center,         :
              Petitioner      :
                             :
        v.                  :   No. 487 C.D. 2016
                             :   SUBMITTED:  September 2, 2016
Unemployment Compensation    :
Board of Review,             :
              Respondent    :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE JULIA K. HEARTHWAY, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE HEARTHWAY           FILED:  October 31, 2016


      Philly Service Center (Employer) petitions for review of an order of the Unemployment Compensation Board of Review (Board), affirming a referee's grant of unemployment compensation benefits to Wayne Dillard (Claimant).  The grant was based on the Board's determination that Employer failed to prove that Claimant engaged in willful misconduct during the incident which led to his termination.

      Claimant was employed by Employer as a full-time service technician from November 2014 until August 21, 2015.  Claimant then was fired following an incident on August 21, 2015 when a wheel assembly bolt installed by the Claimant failed during a test drive of a vehicle, causing extensive damages.  Thereafter,

Claimant applied for benefits under the Unemployment Compensation Law[1] (Law) on October 4, 2015. After reviewing Claimant's application, the Pennsylvania Department of Labor and Industry's Office of Unemployment Compensation Benefits determined that he was ineligible for benefits due to willful misconduct. Claimant appealed that determination, and on November 23, 2015, a referee conducted a hearing on Claimant's appeal. Both Claimant and a representative of Employer appeared and testified at the hearing.

Claimant testified that on August 21, 2015, he performed work on a vehicle, which included the installation of a bolt on the vehicle. (Notes of Testimony (N.T.) at 7). After Claimant installed the bolt to the best of his abilities, a supervisor visually inspected the bolt and signed off on the installation. (N.T. at 7-8). Thereafter, the vehicle was test-driven, and during the test the bolt failed, breaking into pieces. (N.T. at 7).

Based on the testimony, the referee determined that Claimant's performance with respect to the installation of the bolt did not constitute willful misconduct. The referee concluded that Claimant was not ineligible for compensation benefits under Section 402(e) of the Law.

Employer appealed the referee's decision to the Board. On February 18, 2016, the Board affirmed the referee's decision that Claimant was eligible for benefits, noting that the Employer offered no evidence that the bolt came off the car due to Claimant's actions. In its decision, the Board made the following findings of fact:

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-918.10.

1. The claimant was employed as a full-time service technician from November 2014, until August 21, 2015. . . .

2. The claimant was or should have been aware that the employer had a policy requiring employees to meet certain safety standards and providing that employees who violate those safety standards could be subject to discipline up to and including discharge.

3. The claimant was verbally warned about his work by the employer.

4. As a result, the employer assigned a supervisor to visually inspect the claimant's work.

5. On August 21, 2015, the claimant was working on a vehicle and one of his jobs was to install a bolt.

6. The claimant finished the job to the best of his abilities and his supervisor visually inspected the vehicle to make sure the claimant had installed all the parts that he was supposed to.

7. The supervisor signed off on the claimant's work and the car was taken on a road test, when the car was coming back from the road test a wheel came off because the bolt that the claimant had installed broke off.

8. The bolt that had broken off was later found in pieces.

9. The employer discharged the claimant for failing to meet its safety standards.

(Certified Record (C.R.) Item No. 14). The Board determined "the claimant did not commit willful misconduct" and was thus eligible for benefits. (C.R. Item No. 14).

Employer now seeks review of the Board's determination.[2] Employer's sole issue on appeal is whether the Board erred in determining that Claimant did not engage in willful misconduct.

"Substantial evidence must be something more than a scintilla creating a mere suspicion of the existence of the fact, and must be such relevant evidence as a reasonable mind might consider adequate to support a conclusion." *Barnes v. Commonwealth Dep't of Justice*, 452 A.2d 593, 595 (Pa. Cmwlth. 1982). "In determining whether substantial evidence exists to support the Board's findings, we must examine the testimony in the light most favorable to the prevailing party below, giving that party the benefit of any inference which can be drawn logically and reasonably from the evidence." *Johnson v. Unemployment Comp. Bd. of Review*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986) (citing *Dickey v. Unemployment Comp. Bd. of Review*, 466 A.2d 1106 (Pa. Cmwlth. 1983)). An employer seeking to prove willful misconduct by showing that a claimant violated the employer's rules or practices must prove (1) the existence of the rule or policy; (2) a violation of the rule or policy by the claimant; and (3) that the employee's actions were intentional or deliberate. *Henderson v. Unemployment Comp. Bd. of Review*, 77 A.3d 699, 718-19 (Pa. Cmwlth. 2013). In cases arising under section 402(e), Employer has the burden of proving willful misconduct on the part of the Claimant. *Frumento v. Unemployment Comp. Bd. of Review*, 351 A.2d 631 (Pa. 1976). "[A]n inadvertent violation of an employer's rule may not constitute

---

[2] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Comp. Bd. of Review*, 525 A.2d 841, 843-44 (Pa. Cmwlth. 1987).

4

willful misconduct." *Henderson*, 77 A.3d at 719 (quoting *Eshbach v. Unemployment Comp. Bd. of Review*, 855 A.2d 943, 947 (Pa. Cmwlth. 2004)).

Employer argues the Board's conclusions were factually incorrect. In support of this contention, Employer contends that because Claimant failed to meet Employer's safety standards, Claimant must have engaged in willful misconduct. However, Employer has neither shown a clear violation of the rule by the Claimant on August 21, 2015, nor has it shown that any such violation was intentional or deliberate. The Board found that Employer "offered no direct competent evidence that the claimant improperly installed the bolt," and "[did] not find that the employer offered even circumstantial evidence that the bolt came off due to the claimant's actions and its arguments to the contrary are mere speculation." (C.R. Item No. 14).

Only a deliberate refusal to follow an employer's directive – not genuine incompetence or inexperience - constitutes willful misconduct under the Law. *Herndon v. Unemployment Comp. Bd. of Review*, 540 A.2d 633, 634 (Pa. Cmwlth. 1988). The Board, after weighing all of the evidence before it, found that although Employer had effectively demonstrated that a rule was in place, Employer had not proven that the rule had been violated deliberately by Claimant. "[A]n inadvertent violation of an employer's rule may not constitute willful misconduct." *Henderson*, 77 A.3d at 719. Here, we should first note that the Board found no evidence that Claimant was responsible for the broken bolt and subsequent damage to the vehicle. And, the Board found that even if Claimant's conduct had been the cause of the damage, the Board found no evidence that such conduct by Claimant was willful. Willful misconduct under the Law is only created when an employee intentionally refuses to follow an employer's

5

instructions; it is not created when an employee errs due to a genuine mistake. *See Herndon*, 540 A.2d at 634. Employers have the burden of proving willful misconduct by claimants in cases arising under Section 402(e). *Frumento*, 351 A.2d at 631. In this case, the Board found that Employer failed to meet that burden.

The Board determined that Employer failed to prove that Claimant engaged in willful misconduct because Employer failed to offer any direct or circumstantial evidence that Claimant installed the bolt improperly or that Claimant's actions caused the bolt to fail. Moreover, the Board also concluded the evidence failed to establish that any purported misconduct by the Claimant was deliberate or intentional. Despite Employer's contrary contentions, we are bound to examine the evidence and testimony presented to the Board in the light most favorable to Claimant, giving Claimant the benefit of any logical or reasonable inference that can be drawn from the evidence. *Henderson*, 77 A.3d at 718. In this case, we find that the Board properly applied the law and its conclusions were supported by substantial evidence. The Board did not err in determining that Claimant was not ineligible for benefits under Section 402(e) of the Law.

For this reason, we affirm.

_____
JULIA K. HEARTHWAY, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philly Service Center, : 
               Petitioner : 
 : 
        v. : No. 487 C.D. 2016
 : 
Unemployment Compensation : 
Board of Review, : 
               Respondent : 

## O R D E R

AND NOW, this 31st day of October, 2016, the order of the Unemployment Compensation Board of Review is AFFIRMED.


                  _____

                  JULIA K. HEARTHWAY, Judge