Helen Rieder, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

212

Submitted on briefs, July 31, 1974, to Judges
WILKINSON, JR., MENCER and ROGERS, sitting as a panel
of three.

*Todd J. O'Malley,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with
him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, September 9, 1974:

The Bureau of Employment Security, the referee,
and the Unemployment Compensation Board of Review
have all declared that appellant-claimant is disqualified
from receiving unemployment compensation benefits by
reason of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, 2nd. Ex. Sess.,
P. L. (1937) 2897, *as amended,* 43 P.S. §802(e), i.e.,
wilful misconduct.

The facts are not in dispute. Appellant-claimant
had worked for her last employer for approximately two
years. Her task was to inspect trousers for defects.
On a number of occasions she passed trousers with obvious defects. She had been warned that she would
have to be more attentive to her work, and, indeed, had

been discharged at least once and perhaps twice by her immediate supervisors, but the previous discharge or discharges were converted to warnings by a superior who had been importuned by appellant-claimant to be given another chance.

Appellant-claimant did not offer any explanation for passing the obviously defective trousers. The only explanation offered came from the superior who had "bent over backwards" in converting the previous discharge or discharges when he testified, "I don't think she cared." This is what distinguishes this case from *William M. McClain, Inc. v. Unemployment Compensation Board of Review*, 170 Pa. Superior Ct. 119, 84 A. 2d 521 (1951). In that case an oyster shucker was discharged for damaging too many oysters. His employer testified that the damage was done to improve the shucker's piecework pay with a disregard of his duty to the employer. The shucker testified, which testimony was accepted by the referee and the Board, that on the contrary only those oysters were damaged which could not be opened without being damaged.

A fine discussion of the unemployment compensation with regard to when an employe's inattention to his work constitutes wilful misconduct is contained in Judge WOODSIDE's opinion in *Philadelphia Transportation Co. v. Unemployment Compensation Board of Review*, 186 Pa. Superior Ct. 142, 141 A. 2d 410 (1958) cited by both appellant and appellee. In that case the court points out that merely being discharged for unsatisfactory work resulting from inability, inexperience, or lack of coordination does not disqualify the discharged employe as being guilty of wilful misconduct. Clearly that was not the instance in the case before us. Indeed, when asked by the referee, the appellant-claimant replied as follows:

"Q. Will you explain why or how this happened after the warnings?

A. That I can't explain.
Q. You have no reason to give?
A. No."
Accordingly, we enter the following

ORDER

Now, September 9, 1974, the Order of the Unemployment Compensation Board of Review in the above matter is affirmed.