John C. Wardlow, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 5, 1978, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*Morton Krase,* for appellant.

*Michael Klein,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, July 28, 1978:

The Appellant, John C. Wardlow, appeals here from an order of the Unemployment Compensation Board of Review which affirmed a referee's determination that his discharge from employment for willful misconduct made him ineligible for benefits under Section 402(e) of the Unemployment Compensation Law[1] (Act).

Prior to his discharge, the Appellant had been employed as a quality control inspector by Kingsburg, Inc. (employer) for approximately three years. In May 1976, he received two written warnings for carelessness in inspections and in July he received a third written warning for carelessness on layout work. The record indicates that it was the employer's policy that an employee receiving three warnings was subject to dismissal. It was also the employer's policy to hold a meeting between management, the employees and a committee which represents the workers before an employee was discharged. Such a meeting was held regarding the charges against the Appellant here and the charges were reviewed, with the Appellant being given an opportunity to refute these charges. He chose instead to remain silent, and his discharge followed. The referee, as affirmed by the Board, determined the Appellant to be guilty of willful misconduct, and benefits were therefore denied.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

In an unemployment compensation case, review by this Court is limited to questions of law and absent fraud to a determination of whether or not the findings of fact are supported by substantial evidence. *Owen v. Unemployment Compensation Board of Review*, 26 Pa. Commonwealth Ct. 278, 363 A.2d 852 (1976). Whether or not actions of an employee constitute willful misconduct so as to render him ineligible for unemployment compensation benefits following his discharge from employment, however, is a question of law subject to judicial review. *Williams v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 641, 380 A.2d 932 (1977). And while the term "willful misconduct" is not defined in the Act, this Court in numerous decisions has defined it to mean:

> [A]n act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer had the right to expect of his employee, or negligence in such degree or *recurrence as to manifest* culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. (Emphasis added.)

*Harbutz v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 235, 236, 309 A.2d 840, 841 (1973).

The Appellant argues here that he was not guilty of willful misconduct. We, however, have previously held that the discharge of an employee for continued performance failures after issuance of several warnings constitutes a discharge for willful misconduct when the employee can offer no explanation for such failures. *Rieder v. Unemployment Compensation*

*Board of Review*, 15 Pa. Commonwealth Ct. 211, 325 A.2d 347 (1974). We believe that the referee therefore was correct in her reasoning which was that:

> A single dereliction or minor and casual acts of negligence or carelessness do not constitute willful misconduct, but continued negligence occurring with consistent regularity which seriously handicaps and impedes the progress of the employer's business particularly when the employee is capable of doing his work satisfactorily from experience and training and as previously demonstrated, will support the conclusion that the employee has recklessly or carelessly disregarded his duties, or has been indifferent to the requirements of his occupation and is, therefore, guilty of willful misconduct.

Considering the findings of fact here, we believe that the Appellant was correctly denied benefits on the basis of willful misconduct.

The order of the Board, therefore, is hereby affirmed.

### ORDER

AND Now, this 28th day of July, 1978, the order of the Unemployment Compensation Board of Review, No. B-140285, dated February 2, 1977, is hereby affirmed.

