Fidelity Electric Co., Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 8, 1979, before Judges WILKINSON, JR., MENCER and DISALLE, sitting as a panel of three.

632

*Anthony P. Schimaneck,* with him *Lawrence J. Keating,* and *Morgan, Hallgren & Heinly,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., April 12, 1979:

This is an appeal by Fidelity Electric Co., Inc. (employer) from an award of unemployment compensation benefits to claimant by the Unemployment Compensation Board of Review (Board). We affirm.

Claimant was employed by the employer as a machinist from June 1975 through February 21, 1977 when he was discharged. He applied for unemployment compensation benefits, but the referee found he was ineligible to receive them because the conduct which precipitated his dismissal constituted willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). Claimant appealed to the Board which reversed. This appeal followed.

Employer asserts that claimant's absenteeism and tardiness, in addition to his failure to apply himself to his tasks, amount to willful misconduct. However, from looking at the record we can find adequate evidence for the Board's findings of facts 2, 3 and 4:

2. The claimant's work performance did not measure up to the employer's standards.

3. The claimant was discharged as an unsatisfactory employee.

4. The claimant performed his assigned tasks to the best of his ability.

The claimant lacked the capability to be a machinist. When questioned by claimant's attorney the employer representative said:

I can observe when a man can do his work and can't and that's why [claimant] was laid off for the simple reason that he just can't handle the job.

Furthermore claimant's absenteeism and tardiness problems had improved and the last performance record written on him noted this. It also said that "[claimant] is doing better in most things."

Clearly, this is not willful misconduct. This Court in *Rieder v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 211, 213, 325 A.2d 347, 348 (1974) noted that "merely being discharged for unsatisfactory work resulting from inability, inexperience, or lack of coordination does not disqualify the discharged employe as being guilty of wilful misconduct." Similar sentiments were expressed by this Court in *Wetzel v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 195, 370 A.2d 415 (1977).

Here, we find that claimant's inability to measure up to employer's standards is not a bar to unemployment compensation benefits.

Accordingly, we will enter the following

ORDER

AND Now, April 12, 1979, the decision of the Unemployment Compensation Board of Review, Decision No. B-149005, dated August 30, 1977, is hereby affirmed.