F. R. Schreiber Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 5, 1980, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Anthony P. Schimaneck, Morgan, Hallgren & Heinly, P.C.,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, September 19, 1980:

F. R. Schreiber Company (petitioner) appeals here from an order of the Unemployment Compensation Board of Review (Board) which granted unemployment benefits to the petitioner's former employee, Jay Steffy (claimant).

The claimant had been employed by the petitioner as a warehouse worker from September of 1974 until September 11, 1978, when his services were terminated upon his return to work after a two-week absence due to a hip injury allegedly suffered on the job. The Office of Employment Security granted him unemployment benefits, but this ruling was reversed after a hearing before a referee who found that the claimant had been discharged because of willful misconduct which had extended over a long period of time and that he was therefore ineligible for unemployment compensation pursuant to Section 402(e) of the Unemployment Compensation Law.[1] The Board overruled the referee and benefits were again awarded, the Board finding that the discharge had been because of the

---

[1] Act of December 5, 1936, Sec. Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

claimant's unsatisfactory work performance, not for willful misconduct.

The record indicates, and the Board found, that the claimant was an unsatisfactory employee. This is not inconsistent with its finding at the same time that there was no willful misconduct, for it is well-settled that "being discharged for unsatisfactory work resulting from inability, inexperience, or lack of coordination does not disqualify the discharged employe [from benefits] as being guilty of wilful misconduct." *Rieder v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 211, 213, 325 A.2d 347, 348 (1974). On the other hand, where such unsatisfactory work performance is a result of a "conscious indifference to the duty owed the employer, [the employee] may be discharged for 'willful misconduct' and will be denied compensation." *Horan v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 194, 197, 300 A.2d 308, 309 (1973).

The petitioner contends here that the claimant's unsatisfactory work performance included acts of willful misconduct, such as causing excessive damage to cartons which he was required to move and frequent horseplay which interfered with the work of fellow employees. The claimant testified, however, that he performed his job to the best of his ability and that the only major incident of horseplay which the petitioner's representatives could specify, that of an "ink battle" incident, had actually occurred on a lunchbreak, was not inimical to the interests of the petitioner, and had occurred three years prior to the date of his discharge. The claimant also testified that he believed that the actual reason for this termination of his services was his two-week absence from work just prior to his discharge, but that this absence had been recommended by his physician and that he had properly notified the petitioner regarding it.

Both parties presented evidence to support their conflicting positions and a resolution of the case therefore depends upon a resolution of questions of credibility. It is well settled, of course, that the Board and not the reviewing court is the final arbiter as to questions of credibility and evidentiary weight, *Lipfert v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 206, 406 A.2d 251 (1979), and we must therefore affirm the order of the Board.

ORDER

AND Now, this 19th day of September, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned case is affirmed.