Yoder Brothers, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 12, 1980, before Judges, ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

142

*James D. Cullen*, with him *James M. Antoun, Mac-Donald, Illig, Jones & Britton*, for petitioner.

*Elsa D. Newman-Silverstine*, Assistant Attorney General, with her *Richard Wagner*, Chief Counsel, and *Harvey Bartle, III*, Acting Attorney General, for respondent.

OPINION BY JUDGE ROGERS, January 19, 1981:

Yoder Brothers, Inc., has appealed from an order of the Unemployment Compensation Board of Review affirming the decision of a referee that Eddis Yeast is eligible for unemployment compensation benefits. We affirm.

Yoder Brothers hired Ms. Yeast in January 1979 to plant cuttings in a rooting medium. Yoder Brothers required its employees to plant an average of 1600 plants an hour. The company gave its new employees a sixty (60) day probationary period to achieve this standard. After two warnings that her average was deficient, Yoder Brothers discharged Ms. Yeast after fifty-six (56) days for failure to meet its 1600 plant per hour requirement.

Ms. Yeast applied for unemployment compensation benefits and was ruled eligible by the Office of Employment Security. Yoder Brothers appealed the Office's decision, claiming that Ms. Yeast's failure to work up to its standards constituted wilful misconduct.[1] A referee, after a hearing, found that Ms.

---

[1] Section 402(e) of the Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e) provides: .

An employee shall be ineligible for compensation for any week—

Yeast had performed her work to the best of her ability and that her inability to attain the minimum production standard established by Yoder Brothers, without more, did not constitute wilful misconduct. The Board, without taking additional evidence, adopted the referee's findings of fact and affirmed the referee's decision.

Yoder Brothers contends that the Board's finding of fact that Ms. Yeast performed her work to the best of her ability constitutes a capricious disregard of competent evidence because of the testimony of Yoder Brothers' personnel manager, who testified that, although Ms. Yeast performed her work correctly, he believed that Ms. Yeast's failure to work up to Yoder Brothers' standards resulted from a lack of initiative rather than an inability to perform. However, Ms. Yeast testified that she did work to the best of her ability. Thus the Board was faced with directly conflicting testimony and, as was its prerogative, chose to accept Ms. Yeast's testimony. We therefore cannot say in this instance that the Board capriciously disregarded competent evidence.

Yoder Brothers next contends that the Board erred in failing to hold that Ms. Yeast was guilty of wilful misconduct. Yoder Brothers relies upon *Wardlow v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 44, 389 A.2d 253 (1978) and *Rieder v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 211, 325 A.2d 347 (1974). In those cases, we held that the discharge of an employee for continued performance failures after the issuance of several warnings constitutes wilful misconduct where, as here, the em-

----

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct.

144

ployee offers no explanation for such failures. However, neither *Wardlow* nor *Rieder* is controlling here, for both of those cases, unlike the instant case, contained some evidence of carelessness or negligence on the part of the employee. Rather, the instant case is akin to *Fidelity Electric Co. v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 631, 399 A.2d 1183 (1979), where we held that the discharge of an employee for unsatisfactory work resulting from inability, inexperience, or lack of coordination does not disqualify that employee as being guilty of wilful misconduct.

Accordingly, we enter the following

ORDER

AND Now, this 19th day of January, 1981, the order of the Unemployment Compensation Board of Review, dated June 28, 1979, is affirmed.