Daniel J. Cullison, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 1, 1982, before Judges CRAIG, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Donald Marritz,* for petitioner.

*Charles Hasson, Associate Counsel,* with him *Karen Durkin,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, May 7, 1982:

Daniel J. Cullison (Claimant) appeals here from a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits for willful misconduct based on Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant was last employed as a lift truck operator by Agway Feed Mill (Employer) from March 2, 1972 until his discharge on May 30, 1980. Claimant's duties included keeping warehouse shipping and receiving records, taking inventory on a daily basis and loading and unloading the feed. Employer alleges that Claimant was discharged for performing these duties in an unsatisfactory manner. Employer stated

.Claimant's performance progressively worsened over the last three years[4] of his employment despite numerous oral and written warnings. According to the Employer, the series of mistakes which led to Claimant's discharge were improperly filled orders. When Employer became aware of the mistakes, verbal warnings were given Claimant followed by a written warning on April 22, 1980. On the occasion of two more mistakes being made on May 27, 1980, Claimant was discharged. Claimant did not seriously contest any of Employer's testimony.

Claimant raises two issues for our resolution. First, he contends that a reversal or remand is necessary here because there was no finding of fact as to the intentional nature of Claimant's conduct rendering the record incomplete and thereby preventing this Court from performing its review function. Contrary to Claimant's position, a showing of actual intent to wrong the Employer is not required. Claimant's conscious indifference to his employment duties is enough to support a finding of willful misconduct. *Eyring v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 617, 621, 407 A.2d 86, 87 (1979). Despite repeated warnings, Claimant never tried to improve his working behavior. In our opinion, this evidences a conscious indifference to his Employer's interests and his employment duties.

Secondly, Claimant argues that the Board's findings are not supported by substantial evidence and that Claimant's conduct did not rise to the level of willful misconduct. In a case such as this, where the party with the burden of proof succeeds on the merits below, our scope of review is limited to a determina-

---

[1] Although Employer stated Claimant's performance progressively worsened over the last three *years* of his employment, it is the incidents of the three *months* prior to his termination on which the board based their findings.

tion of whether substantial evidence exists in the record to support the Board's findings and whether any errors of law were committed.[2] *Placid v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 250, 427 A.2d 748 (1981).

A careful review of the record discloses that the Board's findings are based upon substantial evidence. Once it is established that competent evidence exists to support the Board's findings, those findings are deemed conclusive on this Court. *Patrick v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 238, 398 A.2d 1095 (1979). Whether the findings support the conclusion that Claimant's conduct amounted to willful misconduct is, however, a question of law to be resolved by this Court. *O'Keefe v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 151, 333 A.2d 815 (1975). While the term "willful misconduct" is not defined in the law, this Court in numerous decisions has defined it to mean:

> [A]n act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or *recurrence* as to manifest culpability, wrongful intent, or evil design, or show an intentional and *substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.* (Emphasis added.)

*Harbutz v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 235, 237, 309 A.2d

---

[2] It is the Employer's burden of proof to show the Claimant's actions rise to the level of willful misconduct. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). The Employer in this case sustained his burden below.

840, 841 (1973). Thus, we are confronted with the question of whether Claimant's unsatisfactory work constitutes willful misconduct as a matter of law. Not every employee who is discharged because his work is not satisfactory is ineligible for unemployment compensation benefits. Mere incompetence, inexperience or inability of an employee may justify a discharge, but will not constitute willful misconduct so as to render an employee ineligible for benefits. *Fidelity Electric Co. v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 631, 399 A.2d 1183 (1979).

In the case presently before us, the record discloses that the Claimant's work performance had been progressively getting worse during the three months prior to his dismissal. The record supports the Board's finding that Claimant had the ability to perform his job properly, but acted carelessly. Thus, this decline in work performance cannot be attributable to mere incompetence or inability to perform his work duties. In a similar case this Court held a Claimant ineligible for unemployment compensation benefits stating:

> Despite the employer's pointing out numerous errors and needed corrections, claimant's quality of work never returned to its previous satisfactory level. Accordingly, this failure to work at [his] full proven potential must be construed as conduct showing intentional and substantial disregard of the employer's interest or of the employee's duties and obligations, *i.e.,* willful misconduct.

*Kosmalski v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 527, 531, 397 A.2d 875, 876 (1979).

In *Coulter v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 462, 466, 332 A.2d 876, 879 (1975), we wrote:

A single dereliction or a minor and casual act of *negligence or carelessness* does not constitute willful misconduct. Rather, it is a series of accidents, attributable to negligence, occurring periodically and with consistent regularity, which produce substantial financial loss to the employer which will support the conclusion that an employee is guilty of willful misconduct. (Emphasis added.)

Here, the Claimant's quality of work, despite repeated warnings, failed to return to a satisfactory level. He had a recurring pattern of mistakes in processing his Employer's customer's orders. This behavior evidences a conscious, careless disregard of his employment duties and of his Employer's interests. As such, we find Claimant is guilty of willful misconduct.

The order of the Board denying benefits is hereby affirmed.

ORDER

AND Now, this 7th day of May, 1982 the Order of the Unemployment Compensation Board of Review, Number B-189290, dated October 31, 1980, is hereby affirmed.

Judge MENCER did not participate in the decision in this case.