Gretchen Younes, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 14, 1983, before Judges WILLIAMS, JR., DOYLE and BARBIERI, sitting as a panel of three.

*David C. Keiter, Markowitz & Seidensticker, P.C.,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, November 29, 1983:

This is an appeal from the Unemployment Compensation Board of Review which denied benefits to the Petitioner on the basis of a finding of willful misconduct.[1] We reverse.

Petitioner was employed as a field representative for the American Cancer Society, and was responsible for organizing and directing local activities in the Hanover, Pennsylvania area under the supervision of the statewide Society office. In 1981, after Peti-

---

[1] Section 402(e) of the Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) states that "[a]n employe shall be ineligible for compensation for any week in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

tioner expressed disagreement as to the emphasis placed upon the Society's local door-to-door fund-raising campaign, her supervisor took steps to relieve her of that responsibility, employing a secretary for that purpose. Petitioner was then requested to prepare a file of potential volunteers to facilitate the transition of supervision for this event by a certain date but failed to submit any file by the deadline.

Later that year Petitioner was instructed to organize a fund-raising swim event to be held in mid-October. Despite repeated reminders by her supervisor, Petitioner failed to complete work on the event, and it was never held. Petitioner was discharged on October 30, 1981 for her failure to complete her assignments.

Our scope of review in unemployment cases where the employer has prevailed before the Board is limited to a determination of whether the Board's findings of fact are supported by substantial evidence and whether an error of law has been committed. *Gardner v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 512, 454 A.2d 1208 (1983); *El v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 57, 432 A.2d 651 (1981).

It is clear that mere incompetence, inexperience, or inability of an employee will not constitute willful misconduct. *Fidelity Electric Co. v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 631, 399 A.2d 1183 (1979). When, however an employee's on the job performance is below the level of his or her ability and this conduct continues over a period of time despite the employee being aware of it as such, it is considered a conscious or careless disregard of the employer's interest and constitutes willful misconduct. *Gardner; Cullison v.*

*Unemployment Compensation Board of Review*, 66 Pa. Commonwealth Ct. 416, 444 A.2d 1330 (1982).[2]

While the Board's findings indicate that Petitioner's inability to complete her work was the result of poor work habits and a difference of opinion with her supervisor, there was no further finding that Petitioner was capable of performing the assigned work and that this conduct continued in spite of an awareness on her part that she was not working up to her ability. Indeed, a review of the record suggests that Petitioner never even received a warning or reprimand as the result of her conduct. The evidence and findings of fact establish only that Petitioner was repeatedly unable to complete her assignments. Without the additional findings that Petitioner was not working to the best of her ability and that this conduct continued in spite of warnings or an awareness on her part that it was inappropriate, the conclusion that her conduct was in conscious disregard of the employer's interest was improper.[3] Therefore, on the basis of the facts established in this

------

[2]In *Cullison*, the Court stated:

A single dereliction or a minor and casual act of negligence or carelessness does not constitute willful misconduct. Rather, it is a series of accidents, attributable to negligence, occurring periodically and with consistent regularity, which produce substantial financial loss to the employer which will support the conclusion that an employee is guilty of willful misconduct. (Emphasis omitted.)

66 Pa. Commonwealth Ct. at 421, 444 A.2d at 1332 (quoting *Coulter v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 462, 466, 332 A.2d 876, 879 (1975)).

[3] In so concluding we are aware that it is not essential to a conclusion of willful misconduct that the employee be found to have had an intent to harm the employer. *Homony v. Unemployment Compensation Board of Review*, 11 Pa. Commonwealth Ct. 142, 312 A.2d 77 (1973).

case, we find that the Board erred in concluding that Petitioner's dismissal was the result of willful misconduct. Accordingly, we reverse the decision of the Board.

### ORDER

Now, November 29, 1983, the decision and order of the Unemployment Compensation Board of Review in the above captioned matter, No. B-204739, dated April 21, 1982 is hereby reversed.