Wayne F. Wilkins, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 14, 1985, to Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Jane Muller-Peterson,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

*Michael Q. Davis, Campbell, Spitzer, Davis & Turgeon,* for intervenor, Stambaugh's Air Service, Inc.

OPINION BY JUDGE CRAIG, December 9, 1985:

Wayne F. Wilkins, Jr. appeals an order of the Pennsylvania Unemployment Compensation Board of

Review upholding a referee's decision that Wilkins' acts in repairing an aircraft constituted willful misconduct under section 402(e) of the Unemployment Compensation Law,[1] 43 P.S. §802(e), thereby disqualifying him for benefits. We affirm.

Wilkins worked as a mechanic for Stambaugh Air Service, Inc. (Air Service), a company which overhauls aircraft for the U.S. Navy. On October 31, 1983, Air Service discharged Wilkins for actions which allegedly resulted in a safety hazard and affected the aircraft's ability to function correctly. The record establishes that during Wilkins' three years of employment, Air Service had repeatedly warned him about his unsafe work and demoted him three times because of his poor quality of work.

Wilkins contends that the board's key findings are not supported by competent evidence because they are based on hearsay evidence, properly objected to at the hearing, and that the board abused its discretion in denying his request for reconsideration.

### Competent Evidence of Willful Misconduct

The first issue we must address is whether there is substantial, competent evidence in the record to support the board's findings. Hearsay evidence, offered against objections, as here, cannot by itself support a finding. Even where there is no objection, hearsay evidence can support a finding only if it is corroborated. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).

The board's Findings No. 3 and 4 state:

3. The claimant used the wrong electrical plug as a replacement for a plug that had to be changed; he forced the replacement into

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§751-914.

place rather than checking it and getting the correct plug needed for the job.

4. In addition, he had improperly rewired an instrument panel with the result that it represented a serious safety hazard to the pilot.

At the hearing, the only witness to testify on behalf of Air Service was Mr. Stambaugh, president of Air Service. Stambaugh testified that Wilkins' errors were brought to his attention by the chief of quality control. Because Stambaugh had no firsthand knowledge of the problems, his testimony is hearsay. *Harrison v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 364, 383 A.2d 965 (1978). However, there was no objection to this testimony of Stambaugh. Wilkins contends that Stambaugh admitted that his testimony was hearsay, but Stambaugh made that statement in reference to the production foreman's interview of Wilkins, not as to the report of the quality control chief. Therefore, the pivotal issue is whether Stambaugh's hearsay testimony, admitted without objection, was corroborated by other record evidence.

Stambaugh also offered an electrician's report describing what the electrician found wrong when the aircraft's systems failed to function and what corrective action he had to take to repair the system. Wilkins' counsel objected to the report. Claimant Wilkins contends that the electrician's report cannot corroborate Stambaugh's testimony because it also is hearsay evidence not properly admissible under the Uniform Business Records as Evidence Act (Act),[2] in that a proper foundation was not laid.

Section 2(b) of the Act provides:

A record of an act, condition or event shall, insofar as relevant, be competent evidence if

---

[2] Section 2 of the Uniform Business Records as Evidence Act, Act of May 4, 1939, P.L. 42, 28 P.S. §91(b).

the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.[3]

Stambaugh was clearly a qualified witness to testify to the admissibility of the electrician's report because he was president of the company, the chief operating officer and the person with the ultimate responsibility for production and quality control.[4] Stambaugh's testimony did lay a proper foundation for the admission of the electrician's report, as follows:

QEL: All right, I'm going to show you a page marked E-4 and you can describe what that is?

AEW: This is a copy of the electrician's report on what he found wrong after the systems failed to function. And what corrective action he had to do. And it is signed by Charles Duran (phonetic) . . . .

QEL: And who is Charles Duran?

AEW: He is the electrician who had to go in and straighten out the problems that were involved here.

Additional corroborating evidence is Stambaugh's testimony that Wilkins should have known that he had the wrong replacement cannon plug because the dis-

---

[3] 28 P.S. §91(b).

[4] The admission of evidence under the Uniform Business Records as Evidence Act does not require a party to produce either the person who made the entries in question or the custodian of the record at the time the entries are made. *In Re: Indyk's Estate*, 488 Pa. 567, 413 A.2d 371 (1979).

tinguishing characteristic of the plug is a keyway which is a multi-pin connector that must line up with the pins on the connecting plug in order for the plugs to properly connect. Wilkins used a replacement plug with a different keyway which would have prevented Wilkins from connecting the plugs unless the replacement plug was forced into place.[5] Therefore, Findings 3 and 4 were supported by evidence admissible under the rule of *Walker.*

Wilkins further contends that the record does not support a finding that he intentionally disregarded Air Service's interest or that he committed a series of negligent acts with consistent regularity. An intent to wrong the employer is not necessary; a conclusion of willful misconduct may be based on a finding of conscious or careless disregard of the employer's interests. *Younes v. Unemployment Compensation Board of Review,* 78 Pa. Commonwealth Ct. 576, 467 A.2d 1227 (1983) and *Homony v. Unemployment Compensation Board of Review,* 11 Pa. Commonwealth Ct. 142, 312 A.2d 77 (1973).

Of course, a single dereliction or minor and casual act of negligence or carelessness do not constitute willful misconduct. But a series of accidents, attributable to negligence, occurring periodically and with consistent regularity, which produce substantial financial loss to the employer, will support the conclusion that the employe has recklessly or carelessly disre-

---

[5] Although Wilkins testified that the stockroom clerk gave him the wrong plug and he later discovered the mistake, Stambaugh testified that the mechanic is responsible for ensuring he has obtained the correct part from the stockroom clerk. Conflicts in testimony are resolved by the factfinder and in that respect, the factual determinations made by the board are conclusive on appeal. *Martin v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 304, 387 A.2d 998 (1978).

garded his duties, or has been indifferent to the requirements of his occupation, and is therefore guilty of willful misconduct.

*Allen Unemployment Compensation Case,* 168 Pa. Superior Ct. 295, 298, 77 A.2d 889, 890 (1951).

The record establishes that Air Service repeatedly warned Wilkins about his unsafe work and demoted him three times because of his poor quality of work. Those acts, in addition to the two negligent acts in question, support the conclusion that Wilkins substantially disregarded Air Service's interest and his employment duties and obligations.

We conclude that there is substantial, competent evidence to support the board's findings and conclusion that Wilkins' acts constituted willful misconduct, rendering him ineligible for unemployment compensation benefits.

### Refusal to Grant Reconsideration

Wilkins contends that the board abused its discretion in denying his request for reconsideration because he had ineffective counsel, and the referee refused to allow his witnesses to testify. The decision of whether or not to grant a rehearing is a matter of administrative discretion. *Gordon v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 270, 403 A.2d 235 (1979).

We have carefully reviewed the record and find no support for Wilkins' allegations that his previous counsel did not effectively represent him or that he was otherwise deprived of a fair and complete hearing. "The substantive due process right to effective assistance of counsel has never been extended to civil or administrative proceedings, but rather is limited to a review of criminal prosecutions." *Johnson v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 220, 223, 321 A.2d 728, 730 (1974).

Moreover, the record reveals that the referee did not refuse to allow Wilkins' witnesses to testify; instead, Wilkins' attorney elected not to have them testify after the referee had questioned the relevancy of their testimony. "While the referee may not improperly refuse to accept relevant, competent and material evidence, this record reveals no attempt to introduce such evidence and no denial thereof. No deprivation of claimant's due-process rights has been shown, and, therefore, we conclude a fair hearing was not denied." *Healey v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 415, 418, 387 A.2d 1025, 1027 (1978).[6]

Accordingly, we affirm the decision of the board.

ORDER

Now, December 9, 1985, the order of the Pennsylvania Unemployment Compensation Board of Review, No. B-228420, dated March 14, 1984, is affirmed.

---

[6] The hearing was conducted in accordance with the rule in 34 Pa. Code §101.21(b):

(b) The tribunal shall determine the order in which the evidence shall be presented in all hearings. Within the discretion of the tribunal, the parties shall be permitted to present all evidence and testimony which they believe is necessary to establish their rights.