# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mascari Auto Body, Inc., : 
               Petitioner : 
                : 
        v.              : No. 691 C.D. 2015
                : Submitted: November 20, 2015
Unemployment Compensation Board : 
of Review, : 
               Respondent : 


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**               **FILED: February 8, 2016**


      Mascari Auto Body, Inc. (Employer) petitions for review of the April 1, 2015 order of the Unemployment Compensation Board of Review (Board) concluding that Robert E. Sozanski (Claimant) was not ineligible for unemployment compensation under Section 402(e) of the Unemployment Compensation Law[1] (Law). We affirm.

      Claimant was employed as a full-time auto mechanic from December 2011 until May 19, 2014. (Record (R.) Item 17, Board's Decision and Order, Finding of Fact (F.F.) ¶1.) In his initial internet claim for unemployment compensation, Claimant listed as the reason that he was discharged from

---

[1] Act of December 5, 1936, Second. Ex. Sess., P.L. (1937) 2897, §402(e), *as amended,* 43 P.S. §802(e). Section 402(e) provides that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work…." 43 P.S. §802(e).

employment his unsatisfactory performance, and reported that he was not warned about his work performance and that his unsatisfactory work performance was due to a knee injury for which he was taking pain medications. (R. Item 2, Initial Internet Claims.) Employer submitted separation information to the Department of Labor and Industry (Department) in the form of an oral interview indicating that Claimant "was causing too much damage, his work performance really plummeted. It was a mutual agreement to part ways." (R. Item 3, Record of Oral Interview.) Employer's Notice of Application states that Claimant was discharged from his employment due to "unsatisfactory work performance" and further states that "[Claimant] was given written examples of repairs made to customers' cars that were completed improperly." (R. Item 4, Employer's Notice of Application.)

On June 18, 2014, the Department issued a Notice of Determination finding Claimant not ineligible for benefits under Section 402(e) of the Law, because Claimant had worked to the best of his ability. (R. Item 5, Notice of Determination.) Employer appealed, and on September 2, 2014, a hearing was held before the Referee at which only Claimant testified. (R. Item 10, 9/2/14 Hearing Transcript.) The Referee dismissed Employer's appeal as untimely under Section 501(e) of the Law, 43 P.S. § 521(e) and Employer appealed that decision; the Board ordered a remand hearing at which Claimant testified, together with Employer's owner (Owner) and Employer's controller. (R. Item 10, 11/4/14 Hearing Transcript (H.T.).) Following the remand hearing, the Board issued an April 1, 2015 decision in which it determined that Employer had established a timely appeal via fax transmission and established proper cause for nonappearance at the initial September 2, 2014 hearing but ultimately affirmed the Notice of Determination finding Claimant not ineligible for benefits. (R. Item 17, Board's

Decision and Order.) In its decision, the Board made the following relevant findings of fact:

> 2. The claimant had previously informed one of the employer's management staff, Gina Novick, that he was seeing an orthopedic surgeon for knee pain and was taking a prescribed mild pain reliever.
>
> 3. The owner discovered that two vehicles required additional repairs after the claimant had worked on them; one vehicle required an additional $173 in repairs, and the other vehicle required an additional $540.08 in repairs.
>
> 4. The claimant had not received any prior verbal or written warnings about these repair issues.
>
> 5. Sometime around May 19, 2014, the owner discovered that the claimant caused approximately $600 in damages to the wheel of another vehicle.
>
> 6. Gina Novick informed the claimant that he was being discharged, and, if he did not sign the Step-By-Step Employee Warning Report, the employer would require him to pay for the parts to repair the damaged vehicles.
>
> 7. On May 20, 2014, the claimant signed an acknowledgement indicating that he received the Step-By-Step Warning Report and was being discharged for substandard work quality.
>
> 8. At the time that the claimant was discharged, he told Ms. Novick that he possibly damaged the vehicles because he was under the influence of mild sedative pain medication for his knee injury.

(R. Item 17, Board's Decision and Order, F.F. ¶¶2-8.) The Board reasoned that,

3

Here, the parties offered conflicting testimony as to the timing and receipt of final disciplinary action(s) and other related issues. The Board resolves the relevant conflicts in testimony in favor of the claimant, who specifically testified that he did not receive any prior verbal or written warnings about damage to customer vehicles or other work performance issues before his last day of work on May 19, 2014. The claimant signed the Step-By-Step Employee Warning Report on May 20, 2014. At that time, the employer informed the claimant that he was being discharged, and, if he did not sign the Step-By-Step Warning Report, the employer would require him to pay for the parts to repair the three damaged vehicles.

(*Id.*, Discussion.) The Board concluded that Employer failed to offer sufficient testimony or other evidence to establish that Claimant allowed his work performance to deteriorate through carelessness or negligence, and that Claimant's behavior during the final incidents leading to his discharge from employment did not qualify as willful misconduct. (*Id.*) Employer appealed the Board's decision.[2]

Before this Court, Employer argues essentially that the Board erred in finding that Employer failed to meet its burden of proving that Claimant was discharged from employment due to willful misconduct; Employer asserts that contrary to the Board's finding, Employer warned Claimant of damages he caused to certain vehicles before the final incident that resulted in his termination.[3]

---

[2] In an unemployment compensation appeal, this Court's scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated, and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2. Pa.C.S. §704; *On Line Inc. v. Unemployment Compensation Board of Review*, 941 A.2d 786, 788 n.7 (Pa. Cmwlth. 2008). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Scott v. Unemployment Compensation Board of Review*, 36 A.3d 643, 647 n.4 (Pa. Cmwlth. 2012).

[3] We reject Employer's other argument, that Claimant was discharged for violation of an Employer policy regarding the proper care of vehicles and its employees' duty to ensure that

4

Pennsylvania courts have defined willful misconduct as: (i) the wanton and willful disregard of an employer's interests; (ii) deliberate violation of rules; (iii) disregard of the standards of behavior which an employer can rightfully expect from an employee; or, (iv) negligence showing an intentional disregard of the employer's interests or the employee's duties and obligations. *Grieb v. Unemployment Compensation Board of Review*, 827 A.2d 422 (Pa. 2002); *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006 (Pa. Cmwlth. 2014). The employer bears the burden of establishing a claimant engaged in willful misconduct. *Id*.

Employer cites *Cullison v. Unemployment Compensation Board of Review*, 444 A.2d 1330, 1332 (Pa. Cmwlth. 1982), and *Scott v. Unemployment Compensation Board of Review*, 36 A.3d 643, 647 (Pa. Cmwlth. 2012), in support of its position that Claimant has demonstrated a conscious indifference to Employer's interest sufficient to establish willful misconduct. In *Cullison*, we stated that mere incompetence, inexperience or inability might justify a discharge from employment, but does not constitute willful misconduct; only where the record shows that notwithstanding his ability to perform, an employee's work performance progressively worsens and his actions are careless, can an intentional and substantial disregard of the employer's interests and a disregard of the

vehicles under repair not be further damaged, and Employer's contention that Claimant failed to meet his burden to show that he had good cause to violate this policy. Where a claimant has been discharged for a rule violation, the employer has the burden to show the existence of a reasonable work rule, and that the claimant violated the rule; once the employer establishes those elements, the burden shifts to the claimant to show that he had good cause to violate the rule. *Conemaugh Memorial Medical Center v. Unemployment Compensation Board of Review,* 814 A.2d 1286 (Pa. Cmwlth. 2003). Here, Employer did not submit any evidence to the Board regarding any specific policy that Claimant is alleged to have violated or any specific instruction that Claimant is alleged to have disregarded.

employee's duties and obligations be demonstrated. 444 A.2d at 1332. In *Scott*, we applied a similar rationale and affirmed the Board's denial of benefits where the claimant's continued poor work performance demonstrated an intentional disregard of the employer's interests and of the claimant's duties and obligations. 36 A.3d at 647-648. However, both cases involved employees who received *multiple* warnings over extended periods of time that their work performance was unsatisfactory. *Scott* involved an experienced hospital technician charged with cleaning instruments used in surgical procedures who had repeatedly been warned in writing about dirty instrument trays, had been previously placed on administrative leave for violations of hospital policy and on another occasion, had been suspended for policy infractions. In *Cullison*, the claimant was a lift truck operator who had received multiple warnings about his work performance, particularly over the last three months of his employment.

The record demonstrates that Employer issued just one warning, titled a 'Step-By-Step Employee Warning Report,' to Claimant regarding his substandard work quality, on May 19, 2015, and that May 19, 2015 was Claimant's last day of work. (R. Item 16, Remand Hearing, Exhibit; Transcript of Testimony (H.T.) at 7.) The warning clearly indicates that the action being taken is "dismissal." (R. Item 16, Exhibit.) Attached to the warning is a sticker indicating the names of three individual clients of Employer, presumably those clients whose vehicles were damaged by Claimant during the repair process. (*Id*.) Contrary to Owner's testimony that Claimant was given the opportunity on May 19, 2015 to remain in his employment so long as he paid for the damages to two of the vehicles, Claimant testified repeatedly that he was told that he would be dismissed,

6

whether or not he signed the Step-By-Step Warning Report.[4] (R. Item 16, H.T. at 9.) The Board credited Claimant's testimony that he had received no warnings, verbal or written, about his work performance prior to his last day of employment.

Our Courts have made clear that the Board is the ultimate fact finder and is empowered to resolve conflicts in the evidence and to determine the credibility of witnesses. The Board's findings are conclusive and binding on appeal if the record, when examined as a whole, contains substantial evidence to support those findings, even if there is other contrary evidence. *Bruce v. Unemployment Compensation Board of Review*, 2 A.3d 667, 671-72 (Pa. Cmwlth. 2010). Substantial evidence supports the Board's findings that Claimant received no prior verbal or written warnings about damage to customer vehicles or other work performance issues before his last day of work and that Employer failed to offer sufficient testimony or other evidence that Claimant allowed his work performance to deteriorate through carelessness or negligence; accordingly, we discern no error in the Board's determination that Employer failed to sustain its burden of proving that it discharged Claimant from his employment as a result of actions that constitute willful misconduct. The Board's order is affirmed.

**JAMES GARDNER COLINS, Senior Judge**

---

[4] Claimant testified that he was informed by Owner's daughter that if he did not sign the warning report he would be dismissed and held responsible for the cost of parts for three damaged vehicles, and if he did sign the warning report, he would also be dismissed, but not held responsible for the costs of the parts involved. (R. Item 16, H.T. at 9.)

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mascari Auto Body, Inc., :
                  Petitioner :
                         :
                v. : No. 691 C.D. 2015
                         :
Unemployment Compensation Board :
of Review, :
                Respondent :

# **O R D E R**

**AND NOW**, this 8th day of February, 2016, the order of the Unemployment Compensation Board of Review in the above-captioned matter is **AFFIRMED**.

 

**JAMES GARDNER COLINS, Senior Judge**