# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

My Dayhouse Achievement Center, :
                Petitioner :
                       :
          v. :
                       :
Unemployment Compensation :
Board of Review, : No. 15 C.D. 2017
                Respondent : Submitted: June 9, 2017


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                     FILED: July 24, 2017

        My Dayhouse Achievement Center (Employer) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) December 7, 2016 order affirming the Referee's decision finding Patricia K. Shirley (Claimant) eligible for UC benefits under Section 402(e) of the UC Law (Law).[1] Essentially, the issue before this Court is whether the UCBR erred in determining that Claimant did not commit willful misconduct.[2] After review, we affirm.

---

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (referring to willful misconduct).

[2] In its brief, rather than present questions for this Court's review, Employer's Statement of Questions Involved are 11 statements that are summarized as follows: (1) Claimant was ineligible for UC benefits because Employer met its burden of proving by credible evidence that Claimant was discharged for willfully and/or negligently disregarding Employer's interests and/or standards of behavior Employer had a right to expect, and for deliberately violating Employer's work rules; (2) Claimant was in her probationary/orientation period; (3) Claimant was in material breach of her Non-Compete Agreement and Non-Disclosure Agreement by wrongfully using documents allegedly belonging to a third party; and, (4) Claimant admitted facts supporting Employer's insubordination claim. *See* Employer Br. at 2-4.

Claimant was employed as Employer's full-time Director of Operations beginning on April 4, 2016. In May 2016, Claimant discovered that Employer's administrator (Administrator) was copying documents that did not belong to Employer. The documents consisted of pages from binders (Binders) that were allegedly the proprietary property of a third-party consultant (Consultant)[3] Employer had retained to grow its business. Claimant advised Administrator to stop the copying job, and returned the Binders to Consultant.

On May 31, 2016, Employer's owner and corporate secretary Kimberly Braccia (Braccia) confronted Claimant about the Binders and demanded Claimant's workplace keys. By June 3, 2016 letter, Employer notified Claimant that she failed to satisfactorily complete her probation period, and that her performance was unsatisfactory due to her inability to bring new clients into the facility.

Claimant applied for UC benefits. On July 27, 2016, the Lancaster UC Service Center determined that Claimant was eligible for benefits in accordance with Section 402(e) of the Law. Employer appealed. Referee hearings were held on September 2 and October 7, 2016. On October 14, 2016, the Referee affirmed the UC Service Center's determination. Employer appealed to the UCBR. On December 7, 2016, the UCBR adopted the Referee's findings and conclusions, and affirmed the Referee's decision. Employer appealed to this Court.[4]

Initially:

> Section 402(e) of the Law provides that an employee is ineligible for unemployment compensation benefits when his unemployment is due to discharge from work for willful misconduct connected to his work. The employer bears the

---

[3] Coincidentally, Consultant was Claimant's former employer.

[4] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

burden of proving willful misconduct in an unemployment compensation case. Willful misconduct has been defined as (1) an act of wanton or willful disregard of the employer's interest; (2) a deliberate violation of the employer's rules; (3) a disregard of standards of behavior which the employer has a right to expect of an employee; or (4) negligence indicating an intentional disregard of the employer's interest or a disregard of the employee's duties and obligations to the employer.

*Dep't of Transp. v. Unemployment Comp. Bd. of Review*, 755 A.2d 744, 747 n.4 (Pa. Cmwlth. 2000) (citation omitted).

Employer essentially argues that the UCBR erred in determining that Claimant did not commit willful misconduct. Specifically, Employer contends that Claimant engaged in insubordination by willfully abandoning her job and, without first obtaining Employer's permission, wrongfully removed the Binders from Employer's premises. However, Employer's June 3, 2016 discharge letter to Claimant stated:

The owner of [Employer] has decided not to offer you a permanent position as Program Director at [Employer] due to the following:

1. Failure to satisfactory [sic] complete your probation period.

2. Performance unsatisfactory due to inability to bring new clients into the facility.

Based on being informed that you did come into the facility and removed all of your personal belongings on Thursday, June 2nd this is being taken as your choice to resign from [Employer].[5]

---

[5] Despite Employer's representations in the letter that Claimant resigned, in its petition for review and brief to this Court, Employer stated: "[Claimant] was properly discharged from her employment for willful misconduct in connection with her work, pursuant to Section 402(e) of the [Law]." Employer Br. at 2; *see also* Employer Br. at 7, 10; Petition for Review at 3-4.

3

Certified Record (C.R.) Item 12, October 7, 2016 Notes of Testimony (10/7/16 N.T.) Ex. E-6.

> This Court has held:

> 'Not only must the employer prove the claimant committed some act which constitutes 'willful misconduct,' the employer must also prove that *the act in question was the actual reason for the claimant's discharge.' Panaro v. Unemployment Comp*[.] *B*[*d.*] *of Review,* . . . 413 A.2d 772, 774 ([Pa. Cmwlth.] 1980) (emphasis added). The [UCBR] 'may not in its findings rely on reasons for discharge that were not considered relevant by the employer.' *Tundel v. Unemployment Comp*[.] *B*[*d.*] *of Review,* . . . 404 A.2d 434, 435 ([Pa. Cmwlth.] 1979).

*Saleem v. Unemployment Comp. Bd. of Review*, 35 A.3d 1283, 1291 (Pa. Cmwlth. 2012).

Braccia testified at the October 7, 2016 Referee hearing that Employer's June 3, 2016 letter informed Claimant that her employment was being terminated for unsatisfactory work performance and failing to bring Employer any new clients. Braccia declared: "In 67 days of employment, [Claimant] brought not one client into the center . . . -- there was not one client that was started and ready to go into the center . . . ." R.R. at 25. However, when shown a new client inquiry form that Claimant had completed on May 18, 2016, Braccia admitted that Claimant did bring Employer at least one new client. *See* R.R. at 85; *see also* 10/7/16 N.T. Ex. E-7.

Claimant agreed that her duties included promoting Employer's business. She described that she "made at least 60 contacts in the community . . . to make them aware that there was a new adult day center . . . and to invite them to make referrals." R.R. at 101; *see also* R.R. at 102, 117.

The law is well established:

> The [UCBR] is the ultimate fact-finder in unemployment compensation matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence. It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made. Where substantial evidence supports the [UCBR's] findings, they are conclusive on appeal.

*Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008) (citations omitted). This Court has explained:

> Substantial evidence is relevant evidence upon which a reasonable mind could base a conclusion. In deciding whether there is substantial evidence to support the [UCBR's] findings, this Court must examine the testimony in the light most favorable to the prevailing party . . . giving that party the benefit of any inferences which can logically and reasonably be drawn from the evidence.

*Sanders v. Unemployment Comp. Bd. of Review*, 739 A.2d 616, 618 (Pa. Cmwlth. 1999).

Here, the Referee reasoned, based on her findings, which the UCBR adopted:

> In this case, [E]mployer did not offer any credible, competent evidence of any type of misconduct on [C]laimant's part. Neither did [E]mployer offer any evidence that [E]mployer had warned [C]laimant about poor work performance or misconduct prior to the discharge. [C]laimant testified that she identified an ethical issue upon observing [A]dministrator copying documents that belonged to another company and took it upon herself to return the [Binders]. [C]laimant explained that she made at least 60 contacts in the community during this short period of employment in an attempt to bring in new clients for [E]mployer. The Referee finds [C]laimant's testimony

5

> credible and resolves all conflicts in the testimony in favor of [C]laimant.
>
> There is no competent evidence in the record of any conduct on [C]laimant's part that rises to the level of willful misconduct in connection with the work. [E]mployer failed to meet the burden of proof in this case.
>
> Therefore, [C]laimant is eligible for benefits under Section 402(e) of the [Law].

Referee Dec. at 2. "Whether the [UCBR's] findings support the conclusion that Claimant's conduct amounted to willful misconduct is . . . a question of law to be resolved by this Court." *Cullison v. Unemployment Comp. Bd. of Review*, 444 A.2d 1330, 1331 (Pa. Cmwlth. 1982). This Court has held that "mere incompetence, inexperience, or inability to perform a job generally will not support a finding of willful misconduct." *Scott v. Unemployment Comp. Bd. of Review*, 36 A.3d 643, 647 (Pa. Cmwlth. 2012). Rather,

> [f]or an employee's conduct to constitute willful misconduct, it must be 'of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.' [*Grieb v. Unemployment Comp. Bd. of Review*, 827 A.2d 422, 425-26 (Pa. 2003)].

*Reading Area Water Auth. v. Unemployment Comp. Bd. of Review*, 137 A.3d 658, 662 (Pa. Cmwlth. 2016). An employee's unsatisfactory work can rise to the level of an intentional disregard of the employer's interest and, therefore, willful misconduct, if he or she "fail[s] to work up to his or her full, proven ability, especially after multiple warnings regarding poor work performance[.]" *Scott*, 36 A.3d at 648.

Here, Braccia acknowledged that Employer's June 3, 2016 letter discussed only Claimant's unsatisfactory work performance in failing to bring Employer new clients. Braccia confirmed at the first Referee hearing that Claimant

6

was discharged due to "Non-correct performance of her job . . . . Unsatisfactory performance." R.R. at 35. The Referee explained to Braccia: "Sometimes people aren't able to do something even if they try, and they're not able to do it to the satisfaction of the Employer. And that's generally not what Section 402(e) of the [Law] is referring to to disqualify an individual." R.R. at 40. Thereafter, Braccia declared that the Binder incident represented Claimant's misconduct. At the second Referee hearing, Braccia offered a multitude of new reasons for Claimant's employment termination that were not included in Employer's June 3, 2016 letter.[6] The UCBR correctly rejected Employer's purported additional causes for Claimant's dismissal and focused on Employer's June 3, 2016 letter. Because there was no record evidence of Claimant's "failure to work up to . . . her full, proven ability . . . after multiple warnings . . . ," *Scott*, 36 A.3d at 648, the UCBR properly determined that Claimant did not commit willful misconduct.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[6] Braccia admitted that some of the newly stated reasons for Claimant's employment termination occurred or were discovered after Claimant's May 31, 2016 discharge.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

My Dayhouse Achievement Center, :
                       Petitioner :
                                    :
                    v. :
                                      :
Unemployment Compensation :
Board of Review, :    No. 15 C.D. 2017
                  Respondent :

## O R D E R

AND NOW, this 24th day of July, 2017, the Unemployment Compensation Board of Review's December 7, 2016 order is affirmed.

_____
ANNE E. COVEY, Judge